THE SCHOOL DISTRICT OF KANSAS CITY v. PHOENIX LAND & IMPROVEMENT COMPANY, Appellant.

Division Two, February 23, 1923.

1. **CONDEMNATION: Trial Before Jury: Commissioner as Witness.** Where commissioners were appointed to assess the damages to the landowner whose land was being condemned for a public use and they filed their report, to which exceptions were filed by defendant, one of the commissioners was not an incompetent witness for the plaintiff in the subsequent trial before as jury, but the fact

that he was one of the commissioners who assessed the damages sustained by defendant should not have been permitted, either directly or indirectly, to go to the jury.

2. ———: ———: **Improper Evidence: Valuation of Commissioners.** In a condemnation proceeding, upon the award of a trial by a jury to assess defendant's damages the report of the commissioners becomes *functus officio*, and the cause thereafter stands for trial as if no commissioners had ever been appointed; and a detailed recital by counsel for plaintiff in his opening statement that the court appointed disinterested freeholders as commissioners to look at the property and make a fair sworn report, just to everybody, of the value of the property, designating them by name, and testimony by one of them that the three commissioners tried, in good faith, to arrive at a fair valuation of the property, agreed upon the amount of the damages and filed their sworn report, and that the amount was so much, were incompetent, and having been allowed over proper objections were so prejudicial as to require a new trial. And the withdrawal, at the suggestion of the court, of the question asking for the commissioners' valuation, and of the witness's answer, after the jury had heard the testimony, did not cure the poisonous effect of getting before the jury the contents of the report.

3. ———: **Comparative Values of Dissimilar and Remote Properties.** In a condemnation proceeding, where the value of the property taken is the principal issue for the jury to decide, a reasonable latitude, to be measured by sound judicial discretion, in comparative values, is allowable on cross-examination; but the inquiry should be confined to the values of the same class of property, in the same neighborhood or vicinity, similarly located, and to the sales of such property reasonably near in time to the transactions under consideration.

4. ———: **School Site: Damages to Adjacent Lots: No Sufficient Assignment.** In order for the appellate court to consider an assignment that the trial court erred in refusing to permit defendant in the condemnation proceeding to show the damages to his adjacent lands that he would sustain in consequence of the establishment, erection and maintenance of the proposed public school building, for whose site fifty-three of defendant's lots are sought to be taken, it is incumbent on him, on his appeal, to set out the names of the witnesses whose testimony was rejected, and at least the substance of their testimony, and on what pages of the record it may be found; and particularly so, where defendant some fifteen years previously laid out eighty acres as an addition to the city, divided the tract into blocks, streets and four hundred lots, has built

residences on and sold about half of them, and the evidence does not disclose that the lots had ever been used as an entirety.

5. ————: Instruction: Measure of Damages.   An instruction in a condemnation trial telling the jury that "in assessing the damages which the defendant will sustain by reason of the appropriation of the land sought to be condemned, and the erection and maintenance of a school house thereon, you will fix the damages at the actual cash value of the land actually taken, free and clear of all tax liens and other incumbrances, and find your verdict for defendant in that sum," correctly states the law.

Appeal from Jackson Circuit Court.—*Hon Thomas B. Buckner*, Judge.

REVERSED AND REMANDED.

*Cooper, Ned & Wright* and *Wallace Sutherland* for appellant.

(1)   The court erred in admitting the testimony of H. F. McElroy, who was one of the commissioners, concerning the report of the commissioners, and in allowing the jury to be informed that the valuation he placed upon the property as a witness in the case was the same valuation placed upon the property by the commissioners.   Mo. Const. art. 12, sec. 4; Lewis on Eminent Domain (2 Ed.) sec. 449; St. L. K. & N. W. Ry. Co. v. Clark, 119 Mo. 357; State ex rel. v. Fort, 180 Mo. 97; Railroad v. Roberts, 187 Mo. 319; Railroad v. Pfau, 212 Mo. 412; Railroad v. Second Street Imp. Co., 256 Mo. 420.   (2) The court erred in allowing plaintiff to introduce on the question of value evidence regarding dissimilar lands and tracts widely and remotely situated.   40 Cyc. 2499; St. L. O. H. & C. Ry. Co. v. Fowler, 142 Mo. 678; Hewitt v. Price, 204 Mo. 47; Railroad v. MacAdaras, 257 Mo. 470; Drexler v. Borough of Braddock, 238 Pa. 376.   (3)   The court erred in refusing to allow defendant to show all of the damages which it will sustain in consequence of the establishment, erection and maintenance of the proposed public school building, with particular reference

to defendant's adjacent lands, constituting a part of one entire tract used in conjunction and in common with the tract sought to be taken. Mo. Constitution, art. 2, sec. 21; Secs. 1791, 11143, R. S. 1919; 10 R. C. L. 157; Nichols on Eminent Domain (2 Ed.) sec. 237; West Chicago Park Commrs. v. Boal, 232 Ill. 248; Union Elev. Co. v. K. C. Sub. Belt. Ry. Co., 135 Mo. 365; Hannibal Bridge Co. v. Schaubacher, 57 Mo. 582; Chicago S. F. & C. Ry. Co. v. McGrew, 104 Mo. 282; Railroad v. Norcross, 137 Mo. 415; Railroad v. Real Estate Co., 204 Mo. 565; Railroad v. Realty & Inv. Co., 205 Mo. 167. (4) The court erred in giving instruction numbered 1 and in refusing to give instructions numbered 4, 5, 6 and 7, requested by defendant. Authorities under Point 3. (5) The court erred in refusing to instruct the jury as to the form of their verdict as requested by the defendant, and in furnishing to the jury an erroneous form of verdict. Authorities under Point 3. (6) The court erred in holding that the burden of proof was on defendant. Mo. Constitution, art. 12, sec. 4; Railroad v. Woodard, 193 Mo. 601; Railroad v. Pfau, 212 Mo. 398, 410; Railroad v. Wyatt, 223 Mo. 347, 354. (7) The plaintiff must be held to a strict compliance with the legal provisions authorizing the condemnation proceeding. 7 Cyc. Pl. & Prac. 468; Schaffner v. St. Louis, 31 Mo. 272; Orrick School Dist. v. Dorton, 125 Mo. 439; St. Louis v. Glasgow, 254 Mo. 272.

*Edwin C. Meservey* for respondent.

(1) No error was committed by the court in admitting the testimony of the Commissioner McElroy. City of St. Louis v. Abeln, 170 Mo. 318; Railroad v. Fowler, 113 Mo. 458; Railway v. Stewart, 201 Mo. 497. (2) The court did not err in refusing to sustain appellant's objections to the evidence regarding the value of similar lands and tracts. 22 C. J. 760; In re Forsythe Boulevard, 127 Mo. 417; Railway Co. v. Clark, 121 Mo.

169; State v. Meysenburg, 171 Mo. 63; Concordia Cemetery Assn. v. Ry. Co., 121 Ill. 199; Pierce v. Boston, 164 Mass. 92; Chicago Ry. Co. v. Emery, 51 Kan. 16; Sec. 1417, R. S. 1919; Skinner v. Steifel, 55 Mo. App. 12; Bergfeld v. Dunham, 201 S. W. 440. (3) No evidence was introduced tending to prove that the land condemned constituted a part of an entire lot or tract of land. 20 C. J. 737; Railroad v. Aubuchon, 199 Mo. 352, 9 L. R. A. (N. S.) 426; Kennebec Water Dist. v. Waterville, 97 Me. 185, 60 L. R. A. 856; Sharpe v. United States, 191 U. S. 341, 57 L. R. A. 932; Sultan W. & P. Co. v. Lumber Co., 31 Wash. 558; United State v. Honolulu Plantation Co., 122 Fed. 581; Van DeVere v. Kansas City, 107 Mo. 83; Glasgow v. St. Louis, 107 Mo. 198; Gorman v. Railroad, 255 Mo. 483; Peters v. Buckner, 232 S. W. 1024; St. Louis & C. Ry. Co. v. Knapp-Stout & Co., 160 Mo. 396; Mississippi River Bridge Co. v. Ring, 58 Mo. 491; Perry v. Wichita Falls, 238 S. W. 276. (4) There was no error in the refusal of the court to give appellant's instructions numbered 4, 5, 6 and 7. Authorities under Point 3. (5) There was no error in the refusal of the court to give appellant's instruction as to the form of verdict. Authorities under Point 3. (6) The court did not err in holding that as the defendant filed exceptions to the report of the commissioners and demanded a jury, the burden was upon the defendant, and that the defendant had the right to open and close the case. Railroad Company v. Blechle, 234 Mo. 471; McDonald v. Redemeyer, 197 Mo. App. 635; Machine Company v. Blair, 181 Mo. App. 601; St. Louis v. Donovan, 149 Mo. 93; St. Louis v. North, 31 Mo. App. 345.

RAILEY, C.—This is a condemnation proceeding by plaintiff, the School District of Kansas City, Missouri, to acquire a site for a high school in said city. The proceeding is under Section 11143, Revised Statutes 1919, which provides that the procedure is governed by the statute relating to the condemnation of land for

railroad purposes. The plaintiff sought to condemn fifty-three separate lots of land in "The Highlands," a platted addition within the corporate limits of Kansas City, Missouri. As originally platted, the addition consisted of eighty acres, which were by the plat subdivided into blocks, lots and streets, the number of lots being approximately four hundred. The defendant is a Missouri corporation, engaged in the business of purchasing and subdividing large tracts of land and improving the same by building residences thereon for sale to home owners.

About fifteen years before the institution of this suit, defendant purchased the eighty acres aforesaid, and built residences on about one-half of the residence lots and sold them. The school site embraces fifty-three of these lots, which are a part of eighty-four lots in one tract still owned by defendant, separated only by streets which were laid out and improved by appellant. Of the fifty-three lots condemned, thirty-two of them are in one block, and twenty-one in another block. Appellant owns none of the other lots in either of the two blocks aforesaid under condemnation, it having improved and sold thirteen, as separate lots, prior to the institution of this proceeding. Appellant owns a number of other lots in the same addition. Sixteen of these lots are in one block across the street and south of the land condemned, and fourteen lots are across the street and west of the land condemned. There is also another lot fronting on 49th Street, a block south of the land condemned. The eighty-four lots still owned by defendant have never been offered for sale as lots. Appellant has its own architect and workmen; and at the time of the institution of this proceeding, its plans were completed to continue building upon and improving the entire tract, embracing eighty-four lots, the same as it had previously built upon the near and adjacent property, and in so doing it would utilize the rock and surplus dirt, thus carrying out and conforming to the orig-

297 Mo.—22

inal plan of improving and developing the entire addition as a whole, irrespective of lot lines or lot arrangement.

H. F. McElroy, Walter M. Knoop and Ralph T. Edgar were appointed commissioners and reported the value of the property taken at $41,950. No other element of damage was considered by the commissioners. Thereupon defendant demanded a jury trial, and the case was tried before a jury, which assessed the value of the land take at $40,385.80, free and clear of all encumbrances and taxes. No other element of damage was considered by the jury. At the outset, the trial court held that the burden of proof rested upon the defendant land owner, and directed that it assume such burden and introduce its testimony before the plaintiff.

On May 21, 1921, the jury returned a verdict for $40,385.80, and judgment was entered June 3, 1921. Motions for a new trial and in arrest of judgment having been filed and overruled, the cause was duly appealed by defendant to this court.

I. It is contended by appellant that, as Hugh F.

Commissioner as Witness.

McElroy was one of the commissioners who assessed the damages sustained by defendant, he was an incompetent witness before the jury in this proceeding.

In St. Louis v. Abeln, 170 Mo. l. c. 326-7, the Supreme Court had under consideration, in a condemnation suit, the question as to whether certain exceptions to the report of the commissioners in assessing damages should be sustained or set aside. On the hearing of these exceptions in the circuit court, two of the above commissioners who joined in the report, over the objection of appellant in said cause, were permitted to testify as witnesses in behalf of plaintiff. VALLIANT, J., in passing upon this subject, said:

"We see no reason why the commissioners are not competent witnesses in such case. There is no statute

disqualifying them, and no principle violated in allowing them to testify. The court in considering exceptions would often be in the dark as to the theory on which the commissioners proceeded if they were not examined as witnesses.''

We are of the opinion that Mr. McElroy was a competent witness in this case, *but the fact that he was one of the commissioners who had assessed the damages sustained by defendant should not have been permitted, either directly or indirectly, to go to the jury.*

II. When the court awarded defendant a trial by jury as to the damages sustained by it, the report of the commissioners became *functus officio,* and the cause then stood as though no commissioners had ever been appointed. [State ex rel. v. Fort, 180 Mo. l. c. 107-8; Mo. Pac. Ry. Co. v. Roberts, 187 Mo. l. c. 319-20, 86 S. W. 91; St. L. I. & S. v. Pfau, 212 Mo. 398, l. c. 407-8, 111 S. W. 10; Ry. Co. v. Couch, 187 S. W. (Mo.) l. c. 66; K. C. Southern Railroad v. Second St. Imp. Co., 256 Mo. l. c. 421-2, 166 S. W. 296.] It is claimed by appellant that, in the statement of the case by counsel for respondent, and in the testimony of Mr. McElroy, improper evidence was permitted to go to the jury in relation to the damages which the commissioners allowed defendant.

*Contents of Report.*

In considering this question, it is necessary to refer to that which occurred during the progress of the trial. In his statement to the jury one of plaintiff's counsel said:

''This court appointed three commissioners, without any suggestion as to the names of whom that board of commissioners should consist, without any suggestion on the part of the Board of Education, and, so far as I know, without any suggestion on the part of Mr. Cooper, my friend on the other side. The court appointed them on its own motion—appointed men, of course, who had to be householders, disinterested men—appointed men

who the court thought would go out and look at the property and make a fair report, just to everybody, and give their opinion, as far as they were able to determine upon an opinion, and file their sworn report in this court, of those values. And that was done. Those commissioners were Mr. McElroy—

"Mr. Cooper (interrupting): I object, if the court please, to any further statement by counsel with reference to the action of the commissioners.

"Mr. Ladd: I am not going to tell what they did.

"Mr. Cooper: Or even designate who they are, because it has been held by the Supreme Court of this State, explicitly, that this jury is to be uninfluenced in every respect.

"Mr. Ladd: It has been held that you cannot introduce the report, and I should not think of introducing it, *but we can have them as witnesses.*

"Mr. Cooper: I don't think so. So I object to anything further."

Mr. Ladd, in resuming his opening statement, said:

"That report of the commissioners was filed in this case. The defendant owner of this property was not satisfied.—

"Mr. Cooper (interrupting): I will have to object to that; it is immaterial. No difference whether they were satisfied or not, the law gives to you and to us the right to a jury trial.

"Mr. Ladd: Yes,—the defendant filed exceptions to the report, and asked for a jury. I don't want to state anything improper. (Resuming) After that report was filed, the Phoenix Land & Improvement Company, this corporation which owned this ground, asked the court to give them a jury trial upon this question of damages, a trial, before a jury of twelve men, filed the request in writing."

The court required the defendant to offer its evidence first, and after which the plaintiff, in its own behalf, offered as a witness Mr. Hugh F. McElroy, one

of the commissioners heretofore mentioned, whose competency was objected to by counsel for defendant.   Mr. McElroy, after giving the names of the associate commissioners, said they examined the property in question thoroughly, had a description of same and of the lots plaintiff sought to take.   The following then occurred:

"Q.   Did you, in good faith, try to arrive, as best you could, with the information you had, and from your viewing of the property, and all the surroundings, at a fair valuation of that property?

"Mr. Cooper:   That is objected to as incompetent, irrelevant and immaterial; the witness is not a competent witness to testify to those facts, having been a commissioner in the case, and it is improper, as being an attempt to show by indirection what the law prohibits being shown by direction."

This objection was overruled, an exception saved, and witness was permitted to state at length what he and the other commissioners did and learned while performing said service.   He testified that the three commissioners agreed on the amount; that they swore to their report and filed it.   The following also occurred:

"Q.   I will ask you to give your opinion as to the value of that property?   A.   $41,950.

"Q.   $41,950.   I think you said you and your co-commissioners agreed?"

Upon the suggestion of the court the last question and answer were withdrawn, *after the jury had heard the testimony.*

As heretofore stated, when a jury trial was awarded defendant, the report of the commissioners, and everything they did had become *functus officio,* and should have been kept from the jury trying this case.

The clear and forceful observations of Graves, J., in K. C. Southern Railroad v. Second St. Imp. Co., 256 Mo. l. c. 421, are directly applicable to the law and facts of this case, in which he said:

"It is clear from the evidence quoted above that the

plaintiff evidently got before the trial jury the contents of the commissioners' report of the amount of damages. It is true that the report itself was not offered in evidence, but its poisonous effect was instilled into the jury by this evidence of Truitt. No person can read this evidence without knowing that thereby the jury was given to understand that the commissioners had found this property to be of $26,000 in value. It was but an indirect method of putting the report of the commissioners in evidence, which was not allowable under the rulings above mentioned.''

Keeping in mind the opening statement of plaintiff's counsel heretofore quoted, a part of which was objected to at the time, we are decidedly of the opinion that the testimony of Mr. McElroy complained of was not only prejudicial to the rights of defendant, but admitted in disregard of the principles of law enunciated in the cases heretofore cited. Where damaging testimony of this character has improperly gone to the jury, the only way in which substantial justice can be administered is to grant a new trial.

III. Appellant complains of the court's ruling in permitting witnesses C. H. Greenman and J. C. Nichols to testify on the question of value in regard to dissimilar lands, and other lands widely and remotely situated.

**Dissimilar Property.**

In cases of this character, relating to values of real estate, the trial court is expected to exercise a sound judicial discretion in the examination and cross-examination of witnesses. The inquiry should be confined to the values of the same class of property in the same vicinity or neighborhood, similarly located, and the sales of such property should be reasonably near in point of time to the transactions under consideration. [St. Louis Elec. Term. Ry. v. MacAdaras, 257 Mo. 1. c. 456-470; Hewitt v. Price, 204 Mo. 1. c. 47; St. L., O. H. & C. Ry. Co. v. Fowler, 142 Mo. 1. c. 678; Matter of Forsyth Boule-

vard, 127 Mo. l. c. 422; St. L., K. & N. W. Ry. Co. v. Clark, 121 Mo. l. c. 185.]

In St. Louis Elec. Term. Railway v. MacAdaras, 257 Mo. l. c. 456, the plaintiff sought to condemn for depot purposes City Block 841, in the city of St. Louis, Missouri. The above block was located just one block north and east of 12th Street and. Washington Avenue, and is bounded on the east by 12th Street, on the west by High Street, on the north by Linden Street, and on the south by Lucas Avenue, which is the next street north of Washington Avenue. Although block 841 supra was only a short distance from Washington Avenue, yet GRAVES, J., in considering the question before us, on page 470, said:

"The court admitted some evidence of the value of property on Washington Avenue as a standard by which to fix the value of this property. The two classes of property are entirely too dissimilar under the record to make this evidence of value, and it would therefore likely prove confusing and injurious. Upon retrial this should be excluded."

Under the ruling just quoted, the questions propounded to witness C. H. Greenman on cross-examination, in regard to his property three miles distant, on a retrial of the case should be excluded. While reasonable latitude is permitted on cross-examination as to values, yet it should not be extended to immaterial matters, which have no relevancy to the issues under consideration. The competency of the testimony of Mr. J. C. Nichols, in regard to the value of tracts of land remotely situated, from one to five miles distant, in different sections of the city, and dissimilar in other respects, should be determined on a retrial under the ruling above quoted.

IV. It is claimed by appellant that the court erred in refusing to allow defendant to show all the damages it sustained in consequence of the establishment, erec-

Damages to    tion and maintenance of the proposed pub-
Adjacent Lots. lic school building, with reference to de-
fendant's adjacent lands, constituting a part
of one entire tract used in common with the tract sought
to be taken.

Under this assignment, if defendant's evidence was
excluded, and it desired to have the ruling of the court
in regard to the admission or rejection of same reviewed
here, it should have set out the names of the witnesses,
and at least the substance of the testimony improperly
admitted, of which complaint is made, and giving the
page of the record where found. [Nevins v. Gilliland,
290 Mo. l. c. 300, 301, 234 S. W. l. c. 820; Maloney v.
United Rys. Co., 237 S. W. l. c. 512; State v. Stenzel,
220 S. W. l. c. 884; Hayes v. McLaughlin, 217 S. W. l.
c. 264; Christine v. Luyties, 217 S. W. (Mo.) l. c. 60;
State v. Whitsett, 232 Mo. l. c. 530; State v. Holden, 203
Mo. 581.]

In Nevins v. Gilliland, 290 Mo. l. c. 301, where this
subject is discussed, we said: "It is not the province
of this court to search the record for matters of this
character, but the duty devolves upon appellants to state
in their assignment of errors, or under their 'Points and
Authorities,' the specific matters complained of, and to
designate where such rulings can be found in the record."

From having carefully read the record in preparing
the statement aforesaid, we reached the conclusion that
defendant, some fifteen years before the commencement
of this proceeding, purchased eighty acres of land and
platted the same into lots, blocks and streets, making a
prima-facie case as to segregation; that there were about
four hundred lots platted from said ground, including
the fifty-three lots sought to be condemned herein; that
residences were built on about two hundred of said
lots; that the evidence of plaintiff clearly disclosed that
said land had never been used as an entirety; that it
was not adapted to said use but, on the contrary, said
lots were laid off and platted by defendant with the in-

tention of having residences construed thereon and sold separately.

In view of the foregoing, we are of the opinion, that the above assignment is not well taken and should be overruled.

V. Appellant complains of the giving of instruction numbered one, and the refusal of its instructions numbered 4, 5, 6 and 7. Said instruction number one correctly states the law, and reads as follows:

Instructions.

"In assessing the damages which the defendant will sustain by reason of the appropriation of the land sought to be condemned, and the erection and maintenance of a school house thereon, you will fix its damages at the actual cash market value of the land actually taken free and clear of all tax liens and other incumbrances, and find your verdict in favor of the defendant at that sum."

The action of the court in refusing said instructions 4, 5, 6 and 7, is sustained, for the reasons heretofore assigned.

VI. We have examined the other matters complained of in appellant's briefs, and find no other rulings of which defendant can legally complain.

On account of the errors heretofore pointed out, the cause is reversed and remanded for a new trial. *Davis* and *Higbee, CC.*, concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.