[Civ. No. 8049. First Appellate District, Division Two.—November 5, 1931.]

CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. J. D. CARR et al., Defendants; EMANUEL COHEN, Appellant.

Patterson, Bailey & Montgomery for Appellant.

Jess E. Stephens, City Attorney, and Leslie K. Floyd and Royal G. Wilkie, Deputies City Attorney, for Respondent.

SPENCE, J.—This action was brought against numerous defendants to condemn certain lands in the City of Los Angeles under the Street Opening Act of 1903. (Stats. 1903, p. 376.) The three referees appointed pursuant to the provisions of that act to ascertain the compensation to be paid to defendants, filed their report and defendant Cohen, the appellant herein, filed exceptions thereto. ▪ Upon the hearing of the report and exceptions, E. S. Butterworth, one of the referees, was called as a witness by plaintiff. Defendant Cohen objected on the ground that the witness was disqualified because he had acted as one of the referees. The objection was overruled and a motion thereafter made to strike out his testimony was denied. Said defendant Cohen appeals from the judgment subsequently entered and the sole ground urged for reversal is that the trial court

erred in allowing said witness who had acted as one of the referees to testify on the hearing of the exceptions to the referees' report.

In our opinion there was no error in the rulings of the trial court. Counsel for appellant concedes that there is no statutory provision declaring such witness to be incompetent and frankly states that he can find no similar case sustaining his contention. Section 1879 of the Code of Civil Procedure provides that "All persons, without exception, otherwise than is specified in the next two sections, . . . may be witnesses." No pertinent exception is found in the sections mentioned. Similar objections were raised in *Appeal of Brooks & Josephs*, 32 Cal. 559, and *School District* v. *Phoenix Land & Imp. Co.*, 297 Mo. 332 [249 S. W. 51], and in each case the commissioners who had assessed the damages were held to be competent witnesses upon the hearing of the objections to the report. We are in accord with the reasons given in the above-mentioned cases for declaring the commissioners to be competent witnesses and believe those reasons to be equally applicable in the present case.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.