**CITY OF ST. LOUIS, Respondent,**

v.

**William KISLING et al., Defendants,**
**Olive M. Gutweiler, Appellant,**

**No. 46480.**

Supreme Court of Missouri,
Division No. 2.
Nov. 10, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 8, 1958.

Richard A. Hetlage, Robert O. Hetlage, St. Louis, for appellant Olive M. Gutweiler.

Charles J. Dolan, Oliver T. Johnson, Andrew J. Reis, St. Louis, Walter Wehrle, Clayton, for respondent City of St. Louis.

BOHLING, Commissioner.

This appeal arises out of a proceeding by the City of St. Louis to condemn certain land in Bridgeton, St. Louis County, to be used as a part of the municipal airport known as Lambert-St. Louis Municipal Airport. Olive M. Gutweiler, condemnee and appellant here, was the owner of Parcel 39 involved in said proceeding. She contends the court erred in admitting and excluding testimony and in excluding her offer of proof of consequential damages to that part of the tract owned by her and not taken by condemner.

█ The appeal is from a judgment for $105,000. Condemnee's evidence placed the value of the land taken at $209,769 and the court excluded her offer of proof that the consequential damages to the land not taken was $11,520. We have jurisdiction of the appeal. State ex rel. State Highway Commission v. Rauscher Chevrolet Co., Mo., 291 S.W.2d 89, 90 [1], 55 A.L.R.2d 773. Consult Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 4 S.W.2d 776, 783, 793, 801.

This suit was filed June 15, 1953. The condemnee owned approximately 56.42 acres and Parcel 39 aforesaid, being taken by the city, constituted 45.622 acres thereof. The land not taken is referred to in the record as 11 acres. The Commissioners' report, filed June 29, 1954, awarded condemnee $101,500 for Parcel 39. At the first trial, November 30, 1955, the jury returned an award of $144,125. Separate motions for new trial were filed by condemner and condemnee, and, by agreement, a new trial was granted on February 10, 1956, without the court's stating the grounds therefor. At the start of the instant trial, March 25, 1957, it was stipulated and agreed between the parties that the State Highway Commission of Missouri had filed a suit to condemn the remainder of condemnee's land, the 11 acres, for highway purposes; that the Commissioners' report in said proceeding had been filed and the Commissioners' award therein had been paid into court on November 26, 1956; and that the Commissioners' award of $101,500 in the instant proceeding had been paid into court on December 3, 1956. It was also stipulated that the date of valuation for the instant trial was December 3, 1956, and the testimony conformed thereto.

█ The city refused to agree that consequential damages to the 11 acres not taken was an issue in the instant case, and the court excluded condemnee's offer of proof of $11,520 consequential damages to said 11 acres. Condemnee's position is that her right to consequential damages depends on whether the title to the 11 acres had passed from her in the State Highway Commission condemnation proceeding by the payment of the Commissioners' award in said proceeding into court seven days prior to the valuation date in the instant proceeding.

Condemnee concedes broad statements are to be found that, following a judgment of condemnation, title to the land condemned is divested out of the condemnee and vested in the condemner upon the payment into court of the award of the commis-

sioners, and the only issue is one of damages when exceptions are filed to the commissioners' award (City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W. 2d 65, 69 [5]; State ex rel. State Highway Commission v. Houchens, Mo.App., 235 S.W.2d 97, 100 [2, 3], cases cited by condemner; and cases cited in State ex rel. State Highway Commission v. Deutschman, 346 Mo. 755, 142 S.W.2d 1025, at page 1027); but states that under the Deutschman case title does not pass upon the payment of the commissioners' award when the condemner has not taken possession of the land, as in the instant proceeding.

In the Deutschman case, supra, the State Highway Commission sought to take two tracts of condemnee's land; a 10-foot strip 204 feet long off a corner lot to widen Highway No. 50 and a tract 40 by 40 feet near the corner of said lot on the intersecting street for maintaining a drainage ditch or channel. The commissioners reported a total award of $250 for both tracts on December 10, 1934. The condemnee filed exceptions. The condemner paid the award into court on January 3, 1935, and took possession of the 10-foot strip but did not take possession of the 40 by 40 foot tract. On December 14, 1935, the condemner amended its petition to eliminate the 40-foot tract. The condemnee's motion, filed September 28, 1937, to strike said amendment from the files was overruled, and, on appeal, he contended that the payment into court of the commissioners' award vested title to the 40-foot tract in the condemner; that thereafter the court had no further jurisdiction except to determine the amount of the damages, and that an amendment eliminating any of the property described in the original petition after the payment of the commissioners' award was a nullity. We, after pointing out (142 S.W.2d loc. cit. 1027) that cases stating title passed upon the payment of the award into court were not concerned with the right of a condemner who had not taken possession of the land to abandon the proceedings after a final judgment determining the amount of

the award and, giving consideration to §§ 1342 and 1344, RS 1929 (now Sections 523.040 and 523.050 RSMo 1949, V.A. M.S.), sustained the overruling of the condemnee's motion to strike, stating (142 S. W.2d loc. cit. 1028 [2, 3]): " * * * [T]he condemner, upon payment of the commissioners' award, may proceed to construct the road, notwithstanding the fact that such exception may have been filed; and if it does so, it takes possession of the tract of land condemned and title passes to it. But if it does not take possession of any parcel of land condemned, then it has ten days to elect to abandon it after the final assessment has been made, either by subsequent commissioners or by a jury." See cases there cited (especially Union Electric Light & Power Co. v. Snyder Estate Co., 8 Cir., 65 F.2d 297, 308 [21–23]); State ex rel. State Highway Commission of Mo. v. Fenix, Mo.App., 311 S.W.2d 61, 64.

It is stated in 29 C.J.S. Eminent Domain § 240, p. 1211, that a condemnation proceeding is not barred by the pendency of a prior proceeding instituted by another condemner against the same land, unless such fact is properly presented by answer, intervention, or otherwise.

A landowner is entitled to the value of the land actually taken by condemnation and also consequential damages to the remainder of his land proximately occasioned thereby. Chicago, R. I. & P. Ry. Co. v. George, 145 Mo. 38, 46, 47 S.W. 11, 13, 14; City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo.App. 200, 168 S.W.2d 149, 153 [1–3]. The general rule is that the burden of proof is on the landowner to establish his damages. State ex rel. Kansas City Power & Light Co. v. Gauld, 360 Mo. 795, 230 S.W.2d 850, 854 [3]; State ex rel. State Highway Commission v. Huddleston, Mo.App., 52 S.W. 2d 33, 35 [3]; 29 C.J.S. Eminent Domain § 271, p. 1256.

There is no showing in the instant record as to the date of filing the Commissioners' report on the 11-acre tract in the

State Highway Commission proceeding, or that the ten-day period during which the condemner could abandon the proceeding had or had not expired, or that exceptions had or had not been filed, or that the State Highway Commission had or had not taken possession of the 11-acre tract. In the circumstances and with the burden on the condemnee, we cannot say that consequential damages remained an issue in the case and the trial court erred in its ruling. Perhaps the provisions of Section 510.180(2) RSMo 1949, V.A.M.S., would be available in situations of this nature. As before stated, the instant trial was in March, 1957.

Drainage District No. 2-A of St. Louis County, Missouri, had a drainage ditch easement along what was described as Cold Water Creek, running through the 46 acres of Parcel 39. It was estimated to be about 100 feet wide and to take up about 4.35 acres of Parcel 39.

William J. Randall, condemnee's expert witness on value, ascribed, as we read the record, no monetary value to this 4.35 acres, but stated that it had value for ingress and egress in that it helped "make the value of these parcels here."

■ The court made inquiry of Victor Hallauer, a real estate appraiser and mortgage banker and condemner's expert witness on value, as to his opinion of the use of the 100-foot easement for ingress and egress between parts of the 46-acre tract. The witness stated his opinion would be on the basis of information received from the sewer district. The court informed him that would be hearsay, and the witness stated that all he had was the definite rules and regulations as to the width of their easement for drainage ditch and sanitary sewers. Then followed:

"The Court: Those are legal considerations. What I really had in mind was the physical factors, the possibility of using that 100 feet for egress and ingress.

"Witness Answers: Physically it is possible, but legally, I don't think it is.

"Mr. Hetlage: I move the latter part of the answer be stricken, Your Honor. It pertains to a legal question.

"The Court: It is overruled. As a matter of fact, I want the Jury to know just exactly what Mr. Hallauer and I said to each other. Would you repeat your answer?

"Witness Answers: I said that physically it would probably be possible. Legally, it wouldn't be possible, as I understand it.

"The Court: As you understand it?

"Witness Answers: As I understand it, yes, sir.

"Mr. Hetlage: Make the same motion to strike, Your Honor.

"The Court: And the same ruling."

■ The questioned portion of the witness' answer, repeated to the jury at the direction of the court, was a conclusion of domestic law, was subject to objection, and condemnee's motion to strike should have been sustained. Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731, 745 [17, 18], 18 A.L.R.2d 1100; Fields v. Luck, Mo., 44 S.W.2d 18, 21; Thompson v. Portland Hotel Co., 209 Mo.App. 476, 239 S.W. 1090, 1093 [5]. Condemner cites no authority in support of the court's ruling, but argues its witness' answer "was no more of a conclusion than the testimony of appellant's witness, which prompted the question." This does not reach the issue, as condemnee's expert witness testified to a conclusion of fact. Expert witnesses, because of their superior knowledge, are called to state conclusions of fact respecting a subject concerning which persons without special skill or experience are incapable of deducing correct conclusions. Vitale v. Duerbeck, 338 Mo. 556, 92 S.W.2d 691, 695 [8]. It is not a valid objection to proper expert testimony that the answer states a conclusion of the witness so long as it is not a conclusion of law. Cole v. Uhlmann Grain Co., 340 Mo. 277, 100 S.W.2d 311, 322 [13]; Mann v. Grim-Smith Hospital and Clinic,

347 Mo. 348, 147 S.W.2d 606, 608 [3]; State v. Cochran, 356 Mo. 778, 203 S.W.2d 707, 713 [12]. As we read this record condemnee's expert witness placed a value of $21,120 on that part of Parcel 39 here involved while condemner's expert witness stated it was marginal land and valued it at $12,000. The answer was improper and prejudicial.

 The condemnee contends the court erred in striking, on motion, her attorney's cross-examination of condemner's expert witness Hallauer establishing that a nearby corner lot, 100 by 132 feet with quite a big hole in it, sold in 1955 for $11,000, $110 a front foot; citing Kansas City & G. R. Co. v. Haake, 331 Mo. 429, 53 S.W. 2d 891, 895 [8], 84 A.L.R. 1477; City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853, 856 [5]. At the trial condemner's position was that the two properties were not similar; the condemnee contended this corner lot was comparable to parcel C. Condemnee's witness on value divided Parcel 39 into acreage tracts and placed a separate value on four tracts. We understand there were no improvements on Parcel 39. Condemnee's witness considered a tract fronting 950 feet on Natural Bridge Road commercial property, worth $100 a front foot, $95,000. Condemner's witness considered a frontage of 840 feet on said road commercial property, gave it a value for that purpose of $100 a front foot, stated it would take five years to sell it at that price, and valued it at $54,000 as of December 3, 1956. We agree with condemnee's cases that sales, not too remote in point of time, of land of like character and similarly situated are admissible on the question of value; and that considerable latitude should be allowed in this respect and in the cross-examination of the witnesses on value. "However, some discretion should be exercised by the court in preventing controversies arising on collateral matters and thus diverting the attention of the jury to minor issues." See condemnee's cases supra; Annotation, 174 A.L.R. 389, II, b; 2 Wigmore, Evidence, 3d Ed., 503, § 463.

In St. Louis, O. H. & C. Ry. Co. v. Fowler, 142 Mo. 670, 44 S.W. 771, 773(3), we considered sales of small residence or business lots on improved streets would give the jury no assistance in ascertaining the value of a 24-acre tract of unimproved land. Consult School District of Kansas City v. Phoenix Land & Imp. Co., 297 Mo. 332, 249 S.W. 51, 54 [4, 5], and cases there cited. The condemnee's authorities do not establish prejudicial error on the part of the trial court on this issue under the record before us.

The judgment is reversed and the cause is remanded.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.