THE STATE ROAD COMMISSION OF WEST VIRGINIA

A CORPORATION

*v.*

BYRON FERGUSON, *et al.*

(No. 12249)

Submitted January 21, 1964.      Decided March 3, 1964.

*Anthony G. Halkias,* for plaintiffs in error.

No appearance for defendants in error.

BROWNING, JUDGE:

The State Road Commission of West Virginia, a corporation, hereinafter referred to as "state", instituted this proceeding in eminent domain in the Circuit Court of Wayne County seeking to condemn for highway purposes a parcel of land containing 1.459 acres, more or less, belonging to Byron and Ethel Ferguson, hereinafter called "landowners". Commissioners were appointed and sub-

sequently awarded $10,073.00 as just compensation for the land taken and the damages to the residue, to which award the state excepted and the issue of compensation was tried by a jury. The jury returned a verdict in the amount of $9,000.00, a motion to set aside the verdict was overruled and judgment was entered thereon, to which, on application of the state, this Court granted a writ of error and supersedeas on June 10, 1963.

Errors assigned in this Court relate solely to the admission into evidence, over objection, of the testimony of the witnesses, Lambert and Arnette, in behalf of landowners. Mr. Lambert, who owned property in the vicinity, and was familiar with the land in question, was asked the following questions and made the following replies:

"...

"Q. Have you known of land being bought and sold in this vicinity, Mr. Lambert?

"A. Yes, I know of it. I mean I have heard of it.

"Q. Are you familiar with land values for all purposes, particularly for residential and building purposes in this area?

"A. I would think so, yes, sir.

"...

"Q. Have you talked to various people who have sold land in this vicinity?

"A. I talked to Hobart Akers.

"Q. Did he tell you what he either paid or sold property for?

"A. Yes, sir.

"Q. Have you talked to anyone else that sold land in this vicinity or around about there?

"A. Not sold any, no.

"Q. Have you talked to any people who have bought land?

"A. I can't think of any right now."

He also testified that he had been asked by some persons to make offers in their behalf to purchase land in the vicinity, which he did, but such offers were refused. He was then asked his opinion as to the fair market value of the property in question, to which an objection was made on the ground that it constituted hearsay, which objection was overruled and the witness was permitted to answer.

Mr. Arnette, the owner of property adjacent to the land in question testified in part as follows:

"...

"Q. I believe, Mr. Arnette, you were one of the original commissioners on this case, were you not?

"A. I was, yes, sir.

"...

"Q. Have you examined this land in regard to the fair market value, Mr. Arnette, of the land that is proposed to be taken here by the State Road?

"A. Well, as a commissioner, I set a price on it, a fair price. Yes.

"Mr. Taylor: Objection as to what he did as a commissioner.

"Court: Sustained.

"Q. But while you were there you determined a fair market value for the land that is proposed to be taken, did you not?

"A. Yes.

"Q. What, in your opinion, would be a fair market value for the land that is proposed to be taken here by the State Road?

"A. $10,073.00 was our figure."

A motion for a mistrial was made which motion was overruled. The question was then repeated and the witness answered: "A. The land and damages, I would say, would be about $10,500.00." Mr. Arnette further testified,

on cross-examination, that the landowners' farm contained approximately 96 acres, the whole of which he would value at $25,000.00.

This Court holds that the testimony of the witness Lambert was admissible and that it was not error for the trial court to overrule objections of counsel for the state to such testimony. It is true that his testimony was partially based upon hearsay and that his experience with sales of land in the vicinity was not extensive. However, the testimony of a witness in a condemnation proceeding is of necessity in the nature of hearsay. The first syllabus point of the case of *United Fuel Gas Co.* v. *Allen*, 137 W. Va. 897, 75 S. E. 2d 88, reads:

> "In a proceeding in eminent domain the testimony of a witness, bearing on damages to the residue of the property sought to be taken, whose qualifications are meager and whose opinion is to some extent based upon hearsay, but who to some extent is qualified, is admissible in evidence over objection."

However, this Court is of the opinion that the testimony of the witness Arnette, in which he stated as heretofore related, in answer to a question as to his opinion of the fair market value of the land proposed to be taken by the state road commission, "A. $10,073.00 was our figure.", was highly objectionable. At that point in the trial counsel for the state made a motion for a mistrial, the motion was overruled, the question was restated and the witness answered: "A. The land and damages, I would say, would be about $10,500.00." Counsel for the state did not register further objection to the answer of this witness nor did he make a motion requesting the trial court to inform the jury that they should disregard this answer of the witness nor did he renew his motion for a mistrial.

The case was tried before a jury in the Circuit Court of Wayne County and the verdict complained of was returned on the 11th day of December, 1961. Chapter 54, Article 2, Section 10 of the Code of West Virginia of 1931, as amended, relating to a trial by jury after exceptions are filed to the report of the commissioners, insofar as it

is pertinent, read as follows prior to its recent amendment by the Legislature:

> "Within ten days after such report is returned and filed as aforesaid either party may file exceptions thereto, and demand that the question of the compensation to be paid be ascertained by a jury, . . . . The cause shall be tried as other causes in such court, and the jury, ascertaining the damage or compensation to which the owner of the land proposed to be taken is entitled, shall be governed by Section 9 of this article. . . ."

It will be observed that Section 10, in effect at that time, did not prohibit a commissioner from testifying in a subsequent trial before a petit jury. However, on March 9, 1963, the Legislature amended and reenacted Section 10 of such chapter and article to read, in part, as follows:

> ". . . The cause shall be tried as other causes in such court, except that any person who served as a condemnation commissioner in the proceeding shall not be examined as a witness in regard to just compensation or any damages. . . ."

This amendment was in effect on June 9, 1963, and, while the trial court was, of course, not bound by the provisions of Section 10, as subsequently amended, such amendment shows the legislative recognition of the impropriety of such testimony.

Apparently this Court has not passed upon the specific issue presented relative to the testimony of the witness Arnette and the objection which was noted to such testimony heretofore related. However, there is precedent elsewhere. This statement is contained in 2 Lewis on Eminent Domain [3d], §669, which states that "On an appeal from commissioners and trial *de novo*, the report appealed from is not evidence as to the amount of damages." In support of this statement the author cites cases from the court of last resort of several states, including Indiana, Iowa, Wisconsin, Kansas, Rhode Island, Missouri, Minnesota, and Montana. This Court is in accord with this statement contained in the holding of the Supreme Court

of Missouri in *School District* v. *Phoenix Land and Improvement Company,* 297 Mo. 332, 249 S. W. 51: "When the Court awarded defendant a trial by jury as to the damages sustained by it, the report of the commissioners became functus officio, and the cause then stood as though no commissioners had ever been appointed." Although the Legislature of Missouri had not passed an act similar to Section 10 of our code after the amendment of 1963, in *Missouri Pacific Railway Co.* v. *Roberts,* 187 Mo. 309, 86 S. W. 91, that Court had the following to say with reference to the admissibility of the report of the commissioners in an eminent domain proceeding:

"When the exceptions are sustained, the report of the commissioners is set aside and becomes functus officio for every purpose. The jury have no more right to know what the report or assessment of damages of the commissioners was than any jury in any case has to know what the verdict of a previous jury was in the same case. The jury in such cases has only one duty to perform, and that is to assess the damages the defendant will sustain by the appropriation of his land to public use. All other questions arising in any manner in the case are matters for the court to settle in its judgment. . . ."

The same Court in *Kansas City Southern Ry. Co.* v. *Second Street Imp. Co.,* 256 Mo. 386, 166 S. W. 296, in holding that the indirect admission of a commissioners' report, in refreshing the recollection of an expert witness, was reversible error, stated in the opinion:

"It is clear from the evidence . . . that the plaintiff evidently got before the trial jury the contents of the commissioner's report of the amount of damages. It is true that the report itself was not offered in evidence, but its poisonous effect was instilled into the jury by this evidence of Truitt. No person can read this evidence without knowing that thereby the jury was given to understand that the commissioners had found this property to be of $26,000 in value. It was but an indirect method of putting the report of the commissioners in evidence, which was not allowable. . . ."

In the Missouri case of *School District* v. *Phoenix Land and Improvement Company,* heretofore cited, is this statement in the opinion:

> "Where damaging testimony of this character has improperly gone to the jury, the only way in which substantial justice can be administered is to grant a new trial."

To the same effect are: *State* v. *White* (Mo. 1953), 254 S. W. 2d 668; *State* v. *Hamer,* 211 Ind. 570, 199 N. E. 589; and *Searcy* v. *State Highway Commission,* 145 Kansas 709, 67 Pac. 2d 534.

Although there was no appearance in this Court by the landowners, defendants in error, this Court has examined carefully the procedure followed by counsel for the state upon the questioning of the witness Arnette and is of the opinion that even though counsel for the state in the trial court did not object to what we definitely hold was inadmissible testimony, the Court is inclined to hold that his motion for a mistrial, immediately following the giving of such testimony by Arnette, should have been granted. This colloquy of counsel for the state and the court and the ruling of the court shows the following:

> "Mr. Taylor: I want to move for a mistrial. I think he has gone into what has been done heretofore.
>
> "Court: I think we had better have a conference on that. Let's go back to the office."
>
> "Thereupon the Court, counsel for the respective parties and the reporter retired to the Court's chambers for a discussion on the motion made, at the conclusion of which, the Court overruled the motion for a mistrial.
>
> "And to which ruling by the Court, the plaintiffs, by counsel, objected and excepted."

It is the view of this Court that the testimony of the witness Arnette was so prejudicial that a motion by counsel for the state for the court to direct the jury to disregard such testimony would not have cured the palpable error committed in permitting them to hear the

answers of this witness and therefore that it was reversible error to refuse to grant the motion of counsel for the state for a mistrial. The judgment of the Circuit Court of Wayne County upon the jury verdict for the landowners is reversed and this case is remanded to that court for a new trial.

*Reversed and remanded.*