MONONGAHELA POWER COMPANY

*v.*

SAMUEL J. GERARD, JR., *et al.*

(No. 13526)

Decided October 21, 1975.

64

*Furbee, Amos, Webb & Critchfield, Billy Atkins* for Monongahela Power Co.

*Richard B. Bord* for Gerards.

HADEN, CHIEF JUSTICE:

This is an appeal by Monongahela Power Company, a condemnor, from a final order of the Circuit Court of Taylor County, denying its motion to set aside a jury verdict and judgment in an eminent domain proceeding in favor of landowners, Samuel J. Gerard, Jr. and Clara Gerard, on the ground that the court erred in not granting the Power Company's motion for a mistrial.

On January 22, 1970, the Power Company filed its petition to acquire an easement or right of way seventy feet in width across certain land owned by Clara Gerard for the construction and maintenance of an electric transmission line. The Power Company obtained a right of way on February 17, 1970. On September 25, 1972, five commissioners awarded the Gerards the sum of $8,000.00 for the property taken and for damages to the residue. The Power Company appealed and the case was then tried *de novo* in the Circuit Court of Taylor County, resulting in a verdict and judgment for the landowners in the amount of $5,000.00.

One of the witnesses called on behalf of the Gerards was Mr. C. R. Kinsey, an expert appraiser, who testified on direct examination that, in his opinion, the damage to the Gerard farm was $5,000.00. In response to a question on cross-examination as to why he was on the Gerard farm during the summer of 1972, Kinsey replied, "I was one of the appraisers." The Power Company immediately moved, out of the presence of the jury, for a mistrial on the ground that:

"... the witness presently on the stand, Mr. C. W. Kinsey, is the same Clarence Kinsey who was a commissioner in the same case in a prior proceeding in this case, and under the applicable law is not qualified to testify on behalf of the landowner."

The court withheld a ruling and the cross-examination proceeded to its conclusion.

At the close of all the testimony, the Power Company renewed its motion for a mistrial, which was overruled, and exceptions were taken. An alternative motion made by the condemnor to strike Kinsey's testimony from the record and to instruct the jury to disregard his testimony, however, was granted. In making his charge to the jury, the trial judge stated:

"Ladies and gentlemen of the jury, as you recall during the testimony, one of the witnesses who testified was Mr. Kinsey. It appears he was one of the commissioners apparently in the beginning of this suit, and under the Code of West Virginia it is provided that a condemnation commissioner or a person who has served as an appraiser previously on the land shall not be examined as a witness in regard to a just value of the land. Therefore, counsel for the power company has made a motion that the evidence of Mr. Kinsey be stricken, and the Court sustains that motion, and all evidence of Mr. Kinsey is stricken from the record, and you shall not consider it in your deliberations."

The provision, to which the court referred, is *W. Va. Code* 1931, 54-2-10, as amended, which reads, *inter alia:*

"The cause shall be tried as other causes in such court, except that any person who served as a condemnation commissioner in the proceeding shall not be examined as a witness in regard to just compensation or any damages. ..."

The above amendment to *W. Va. Code* 1931, 54-2-10, as amended, was not effective when this Court decided the

case of *State Road Commission v. Ferguson,* 148 W. Va. 311, 134 S.E.2d 900 (1964). Although recognizing that it was not bound by the policy considerations of the recently passed amendment, the Court referred to the provision as demonstrating "the legislative recognition of the impropriety of such testimony." *Id.* at 315. In that case, the Court was confronted with an appeal in an eminent domain proceeding involving a factual situation similar to the one in the present case. A commissioner in the former proceeding had testified at trial as to the fair market value which the commissioners had placed upon the land proposed to be taken by the State Road Commission. The Commission moved for a mistrial but its motion was denied. In its holding, this Court stated that the testimony of the commissioner,

> ". . . was so prejudicial that a motion by counsel for the state for the court to direct the jury to disregard such testimony would not have cured the palpable error committed in permitting them to hear the answers of this witness and therefore that it was reversible error to refuse to grant the motion of counsel for the state for a mistrial. . . . ." *Id.* at 317-318 of the West Virginia Report.

Together, the statute and this Court's decision in *Ferguson* disqualify a witness who has determined value in an initial proceeding as a commissioner under *W. Va. Code* 1931, 54-2-5, as amended, from testifying for a party in a subsequent jury trial for compensation and damages conducted pursuant to *W. Va. Code* 1931, 54-2-10, *supra.* We see no reason to depart from the rule and the statute. As was recognized in *Ferguson,* when a party demands a jury trial to determine compensation and damages, the previous value determination of the commissioners becomes *functus officio* and of no legal relevance to issues before the jury. Accordingly, " '[T]he jury have no more right to know what the report or assessment of damages of the commissioners was than any jury in any case has to know what the verdict of a previous jury was in the same case.' " *State Road Commission v. Ferguson, supra,* at 316 of the West Virginia

Report. The introduction of such incompetent evidence is presumed to be prejudicial; where it occurs and objection is made there is manifest necessity for the declaration of a mistrial.

The judgment of the Circuit Court of Taylor County is reversed and the case is remanded for a new trial in accordance with the principles expressed in this opinion.

*Reversed and remanded*
*with directions.*