CITY OF ST. LOUIS v. MATILDA SCHOPP ET AL., Appellants.—30 S. W. (2d) 733.

Division Two, June 11, 1930.

*Daniel  Bartlett*  for  appellants.

482

*Julius T. Muench, G. Wm. Senn* and *J. B. Steiner* for respondent.

WALKER, J.—This is a proceeding. brought in the city of St. Louis under an ordinance, numbered 31107, to condemn certain real property owned by the appellants in said city for the purpose of widening Franklin Avenue. The property consists of a triangular strip of ground lying between Franklin Avenue and Third and Fourth streets in said city. The base of this triangle abuts on the north side of Franklin Avenue, one side extends along the east side of Fourth Street, and the other side extends along the west side of Third Street. The following map shows the ownership and defines the location of this property.

Commissioners were appointed to appraise each of these parcels of ground and awarded damages to the owners as follows:

To the Schopp estate, $43,600; to the Scott estate, $10,500 and to the Smith estate, $8,500.

Exceptions were filed to each of the awards, which were overruled as to the Schopp and Smith estates, and sustained as to the Scott estate, to which damages were subsequently decreed in the sum of $15,700.

The records in the Schopp and Smith hearings on the exceptions to the awards were separately kept and separate appeals from the judgments rendered thereon were perfected to this court. We are concerned here only with the appeal from the judgment rendered on the award in the Schopp estate.

The property owned by the Schopp estate involved in this proceeding is described as: "A parcel of land in city block 137-E, having a front of about 62 feet 6 inches on the east line of Fourth Street (80 feet wide) by a depth along the north line of Franklin Avenue (50 feet wide) of 41 feet 8 inches to Third Street (100 feet wide) and abutting thereon about 66 feet; bounded on the north by

the property now or formerly of Emma P. Scott and abutting thereon about 23 feet 6½ inches''

The contention of the appellants is that the value of their property was far in excess of the award of the commissioners. Aside from procedural errors it is contended that the testimony showed that the market value of the property with the improvements thereon was from $70,000 to $80,000.

I. There is no question but that there is a marked disparity in the testimony of the witnesses as to the value of this property, the preponderance of which is against the valuation placed thereon by the commissioners. The test, however, to determine whether a judgment of condemnation should be reversed is not a mere preponderance of evidence but, was substantial evidence adduced? We have repeatedly held that we will not disturb an award of damages which is supported by substantial evidence. [City of St. Louis v. Worthington (Mo.), 19 S. W. (2d) 1066; Prairie Pipe Line v. Shipp, 305 Mo. 663, 267 S. W. 647, Rich Hill Dr. Dist. v. McCormick, 260 S. W. (Mo.) 77; Schl. Dist. K. C. v. Phoenix Land etc. Co., 297 Mo. 332, 249 S. W. 51.] Despite the preponderance of evidence against the award in the absence of passion or prejudice we will not disturb the judgment, especially as this case must be reversed for another reason when the matter of the amount of the damages can be heard and determined.

II. Error is assigned in the refusal of the trial court to grant the appellants the right to a trial by jury to determine the extent of their damages. We have, at some length, discussed this question in City of St. Louis v. Fredericka Smith *ante*, page 471, decided at this term, in which we held that the right here insisted upon did not exist in the absence of a constitutional or statutory provision authorizing the same and that no such provision existed applicable to the city of St. Louis in cases of this character. We, therefore, overrule this contention.

III. We also held in the Smith case, supra, that the right of the use of the sidewalks adjacent to the owner's building was permissive and was not a material factor in determining the value of the property.

IV. A more serious question confronts us in considering the admissibility of the testimony of the commissioners in a hearing

upon exceptions filed to their report. In St. Louis v. Abeln, 170 Mo. l. c. 326, it was held generally that their testimony was admissible. This holding, however, was materially modified in Schl. Dist. v. Phoenix etc. Co., 297 Mo. l. c. 339, 249 S. W. 51. More definite limitations upon the admissibility of the testimony of this class of witnesses were made in City of Cape Girardeau v. Hunze, 314 Mo. 438, 456, 284 S. W. 471. In that case it was held that a commissioner was competent to testify at a hearing upon the exceptions to his report if he makes no reference to the report or to the award therein made but simply states from his knowledge of the premises, what, in his opinion, the damages will be. In the instant case Greulich, one of the commissioners, was put upon the witness stand and interrogated by counsel for the respondent. His examination, so far as relevant to the admissibility of his testimony, is as follows:

"Q. Mr. Greulich, you made an examination and viewed the property at what is known as the triangle between Third and Fourth streets and north of Franklin Avenue, did you? A. Yes, sir.

"Q. You saw the property known as the Matilda Schopp property, somtimes called the Conrad Schopp property? A. Yes, sir.

"Q. You also heard evidence as to what was the value of this property? A. Yes, sir.

"Q. Will you state what was the finding of the commissioners as to the value awarded to Matilda Schopp et. al.?"

Objection interposed and overruled.

"Q. State what the award was of the commissioners on this Matilda Schopp property. A. The award on the land was $27,600, on the improvements $16,000, a total award of $43,600.

"Q. The total award is how much, did you say? A. Forty-three thousand six hundred dollars.

"Q. In your opinion is that a proper, correct award on the value of this property?

"Mr. Nichols: We object to that, your Honor; he is a mere commissioner. He is not giving his opinion as a real estate man. His opinion is embraced in the award, in the report of the commissioners.

"The Court: I will overrule the objection.

"Mr. Nichols: We except to your Honor's ruling."

"A. We estimated it as a very liberal award.

"Mr. Nichols: Well, we ask that that be stricken out, if your Honor please.

"The Court: I will overrule the motion.

"Mr. Nichols: Save an exception."

The gist, therefore, of the rulings in the Phoenix and Hunze cases, supra, was that the amount of the award, its alleged liberality and the reasons of the commissioners for making the same were not ad-

486

missible in evidence. [Railroad v. Blechle, 234 Mo. 1. c. 482, 137 S. W. 974.]

If it be contended that the rule of exclusion as to this character of testimony is limited to hearings on exceptions before a jury, a statement of the reason for the rule becomes pertinent. It is that the testimony excluded would, if admitted, prove prejudicial by the submission in evidence of unauthorized facts upon which to base a finding for damages. If the ground of exclusion of this character of testimony is its tendency to prejudice the right of the appellants, then, as we will demonstrate, the objections, thereto apply with equal force whether the hearing be before a jury or the court. The finding and judgment of the latter must be based upon admissible testimony having sufficient probative force to sustain it. In the court's ruling, therefore, that the testimony of the commissioner was admissible, it must follow as a logical sequence that he regarded such testimony as embodying essential facts necessary to sustain his finding. Otherwise he would have excluded it. Thus regarding his finding and judgment the same must be held to be erroneous so far as concerns the improper testimony of Greulich. We base this conclusion, therefore, not alone upon the rule that the award of the commissioners and their reasons for the same are not admissible in evidence before a jury, but upon the well established rule that the award should not be considered by the court as a ground for sustaining the same, whether it be for more or less than shown by the evidence. The reason, if not apparent from the nature of the case, for this limitation upon the power of the court, is that the purpose of the hearing upon the exceptions is to vacate the award and afford the exceptors a trial *de novo*. [Cape Girardeau, etc. v. Blechle, 234 Mo. 471, 137 S. W. 974; Ann. Cases, 1912D, 246; 2 Nichols on Em. Domain, Sec. 431, p. 1136; Helena Reduction Co. v. Lynch, 25 Mont. 497, 65 Pac. 919.]

For the error noted this case is reversed and remanded that a hearing may be had on the exceptions in accord with the rulings of this opinion. *White, J.,* concurs; *Blair, P. J.,* concurs in Paragraphs 1 and 4 and the result.