STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
(Plaintiff) Appellant,

v.

Margaret M. Gallagher HACKETT et al. on Exceptions of Sam Trapino and Jean Trapino, (Defendants) Respondents.

No. 31519.

St. Louis Court of Appeals.
Missouri.

Sept. 17, 1963.

Robert L. Hyder, Melvin Englehart, Jefferson City, for appellant.

Blumenfeld, Abrams & Daniel, Selden Blumenfeld, Robert T. Johnson, St. Louis, for respondents.

WOLFE, Acting Presiding Judge.

This is an action condemning land for highway purposes. Part of the land so condemned was the property of defendants Sam Trapino and his wife Jean Trapino. The commissioners appointed by the court assessed the damages due these defendants at the sum of $75,000. These defendants filed exceptions to the award of the commissioners, and upon trial by jury there was a verdict for the defendants in the sum of $79,500. From the judgment upon that verdict, the plaintiff Highway Commission prosecutes this appeal.

The land in question consisted of five lots in Block 5741 of the City of St. Louis. It fronted for 164 feet along the north side of Bircher Boulevard. It had an approximate depth of 110 feet to an alley. On the tract was a building with a frontage of 42 feet on Bircher and was 42 feet in depth. It was an L-shaped building, with a width in the rear of 65 feet. The structure was of concrete blocks with a brick facing.

The building had been erected in 1949, and was designed to be used as a cocktail lounge and restaurant. It had been so used by the defendants since its construction. The first floor contained a diningroom, bar, and kitchen, and there was another dining area in the rathskeller in the basement. The building was air-conditioned by a 15-ton air conditioner located in the basement. The building also had the fixtures that would ordinarily be found in a well equipped and operated restaurant and cocktail lounge.

The petition for condemnation of this and other property for highway purposes was filed April 11, 1958. On June 24, 1958, three commissioners were appointed to appraise all of the land condemned. On July 25, 1958, they filed their report, and as to the property in question here they assessed the sum of $75,000 net damages for its appropriation. The Highway Commission filed exceptions to the assessment of damages on August 1, 1958, and defendants Sam and Jean Trapino also filed exceptions on August 4, 1958. On August 21, 1958, the Highway Commission paid the $75,000 awarded by the commissioners into court. The court made an order of distribution of the sum deposited. Others having an interest in the property were paid a total of $29,249.83, and the defendants herein withdrew the balance of $45,750.17.

In August the defendants removed a 15-ton air conditioner from the basement. The bar and back bar, with its refrigeration units, sink, and other parts attached to it, were also removed by them. They took two built-in, walk-in coolers and sundry other fixtures from the property. All of these, according to the evidence of the defendants, were of the value of $6,375. The plaintiff's evidence was that they were of the value of $5,500.

One witness for the Trapinos testified that the land and buildings, exclusive of fixtures, were worth $73,500. Another witness for them placed the value between $80,000 and $85,000, including all of the fixtures. The Highway Commission put on two expert witnesses. One testified that the value of the land, including the fixtures, was $62,500. The other testified that the value, less the fixtures, was $55,900.

The property owners also put in evidence photographs showing the interior of the building, with the fixtures, which were later removed, all in place.

The appealing Highway Commission assigns as error a verdict-directing instruction offered by the defendants and given by the court. It directed the jury to find the amount of damages due the defendant in a sum equal to the fair market value of the land, building, and fixtures and equipment in it, as of July 25, 1958. The date used was the day the commissioners filed their award.

The Highway Commission requested an instruction directing the jury that they

should not consider as an item of damages the value of the fixtures that the Trapinos had removed, but this was refused by the court. The plaintiff Highway Commission contends that the refusal of this instruction was also erroneous.

The respondents assert that the court was right in both respects, contending that the damages must be fixed as of the day of taking the property, which they fix as July 25, 1958, the date the commissioners' report was filed. They assert:

"The removal by defendants of the disputed fixtures may have been without legal right and cannot be condoned but it does not follow that such removal can form the basis for a set-off in defendants' damages where it was not pleaded or proven by plaintiff in the trial court. Plaintiff must proceed, if at all, by way of an action in replevin or conversion but cannot urge these remedies upon this Court in the form of an appeal from a condemnation proceeding."

The plaintiff may of course appeal from any judgment determining issues properly tried below. The basic issue present was the damage that Trapinos, as defendants, suffered by the taking, as all liens held by other defendants were fully satisfied and it is conceded that the property was worth far in excess of the amount the lien-holding defendants were paid.

■ The controlling law as to the award and the taking is fixed by Article 1, § 26, Constitution of Missouri, V.A.M.S. It provides that "property shall not be taken or damaged for public use without just compensation." "Just compensation" would be the value of the property taken by the state. The day that it is taken is also fixed by Article 1, § 26, which states: " * * * until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested."

It is obvious, therefore, that the day of the taking is the day the money is paid into court. In this case that would be August 21, 1958, and not July 25, 1958. City of St. Louis v. International Harvester Company, Mo.Sup., 350 S.W.2d 782.

■ As to the manner of arriving at what constitutes "just compensation", the Supreme Court enacted Rule 86.06, V.A. M.R., which provided that the value of the property condemned should be assessed as of the date the condemnation petition was filed. It made an additional provision that if the award was not paid into court within one year, a new assessment should be made. This rule was in effect at the time the case here under consideration was tried. Under the rule the property should not have been assessed as of July 25, the date of the commissioners' report, but as of April 11, the date the petition in condemnation was filed. The above rule has been amended, but the amendment was not effective until November 1, 1961, which was after the trial here in question. Union Electric Company v. Stahlschmidt, Mo.Sup., 365 S.W.2d 493.

The only reason that the day of the taking assumes any importance here is because of the insistence of the defendants that it occurred on July 25, when the commissioners' report was filed and the fixtures were in place. As stated above, the date that the property passed to the State was August 21, when it paid the commissioners' award into court, and not July 25. The evidence is that the fixtures were removed in August. The exact date in August was not fixed, but there was evidence that it took two weeks for the defendants to move out of the building, and that space of time could not have been after the 21st and still have been in the month of August.

■ In condemnation cases where there have been exceptions filed, the question of damages is tried de novo by a jury. The procedure followed is "as in ordinary cases

**716**

of inquiry of damages." Section 523.050 (2), R.S.Mo.1949, V.A.M.S. Thus we must apply the rules of procedure in this case which are applicable to any ordinary civil suit. State ex rel. State Highway Commission v. Green, Mo.Sup., 305 S.W.2d 688, l. c. 694.

■ There is no doubt that the state was entitled to the fixtures taken by the defendants, and there is no contention to the contrary. State ex rel. State Highway Commission v. Dockery, Mo.Sup., 300 S.W.2d 444; City of St. Louis v. St. Louis, I. M. & S. Ry. Co., Mo.Sup., 182 S.W. 750. The defendants were only entitled to just compensation. More than the value of the property would be an unjust enrichment of the defendants.

■ The facts were all before the jury. The defendants' counsel mentioned the removal of the fixtures in his opening statement. The defendants introduced evidence of the value of the fixtures in the building, and for some reason, which is not quite clear, the value of the fixtures after they were removed. In the defendants' closing argument the counsel suggested to the jury that they might give the plaintiff credit for the value of the fixtures after they were removed, placing that figure at $2,-115. Obviously, that is not the measure of the fixtures' value, for they went with the real estate, and their value was as fixtures in the building. Upon their removal, the diminished value of the building should be measured by the same yardstick. City of St. Louis v. St. Louis, I. M. & S. Ry. Co., supra. The plaintiff also put in evidence as to the value of the fixtures. Thus, from the very start of the trial, the value of the fixtures removed was an issue tried.

■ The defendants cannot here complain that the issue was not raised by the pleadings, for Section 55.54, V.A.M.R. provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The issue tried was the value of the property taken. The Supreme Court rule fixing the day upon which the value is to be assessed is, and can be, nothing more than a rule to implement the fixing of "just compensation" for the property. It does not extend to property condemned but admittedly removed by the defendants before it passed to the condemnor. This could not be, for it would compel the State to pay for something that it had not received and would constitute unjust compensation. The court therefore erred in refusing the instruction offered by the plaintiff, which informed the jury that they could not consider the value of the fixtures which the defendants had removed in arriving at the defendants' damages.

For the reasons stated, the cause is reversed and remanded for a new trial.

ANDERSON, J., and JACK P. PRITCHARD, Special Judge, concur.