KANSAS CITY, a Missouri Municipality, Plaintiff-Appellant,

v.

H. E. PERET et al., Defendants-Respondents.

No. KCD 29146.

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 27, 1978.

Application to Transfer Denied Jan. 9, 1979.

Aaron A. Wilson, City Atty., Ned B. Bahr, Walter J. O'Toole, Jr., Asst. City Attys., Kansas City, for plaintiff-appellant.

Don Witt, Witt & Shafer, Platte City, for defendants-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

This appeal arises out of a condemnation proceeding initiated by Kansas City (condemnor) to acquire certain temporary and permanent sewer easements over property of H. E. Peret (condemnee). Commissioners assessed condemnee's damages at $31,000.00 and exceptions thereto were filed by condemnor. A jury awarded condemnee $36,000.00 as damages and condemnor appealed.

■ Failure on the part of the trial court to declare a mistrial after counsel for condemnee informed the jury during his opening statement, over condemnor's objection, that the commissioners had awarded condemnee $31,000.00 as damages is one of several points relied on by condemnor on appeal. This point is well taken by condemnor and the judgment below must be reversed and the cause remanded for a new trial.

There is no mistake that condemnee's counsel, deliberately rather than inadvertently, advised the jury during his opening statement that the commissioners had awarded condemnee $31,000.00 as damages. Condemnor's counsel immediately objected and asked the trial court to declare a mistrial. The objection was sustained and the jury was instructed to disregard the remark made by condemnee's counsel, but condemnor's request for a mistrial was denied. Against this background, witnesses for condemnee estimated his damages between $30,000.00 to $40,000.00, witnesses for condemnor estimated condemnee's damages to be $800.00, and the jury awarded condemnee $36,000.00 as damages.

■ It has long been established in this state that "[t]he jury [in a condemnation action] have no more right to know what the report or assessment of damages of the commissioners was than any jury in any case has to know what the verdict of a previous jury was in the same case." *Missouri Pac. Ry. Co. v. Roberts*, 187 Mo. 309, 86 S.W. 91, 94 (1905). This rule has since been reaffirmed on numerous occasions. *City of St. Louis v. Schopp*, 325 Mo. 480, 30 S.W.2d 733, 735 (1930); *State ex rel. State Highway Commission v. Meadows*, 444 S.W.2d 225, 227 (Mo.App.1969); *State ex rel. State Highway Commission v. White*, 254 S.W.2d 668, 670 (Mo.App.1953); *Arkansas-Missouri Power Company v. Hamlin*, 288 S.W.2d 14, 18 (Mo.App.1956); and *State ex rel. State Highway Commission v. Artz*, 45 S.W.2d 81, 82 (Mo.App.1932).

Condemnee cites *State ex rel. State Highway Commission v. Sharp*, 62 S.W.2d 928 (Mo.App.1933), for the proposition that declaration of a mistrial was purely discretionary with the trial court and its instruction to the jury to disregard all reference made by counsel for condemnee to the amount of the commissioners' award was an antidote for any associated error. This raises a question whose answer has eluded mankind for centuries. How do you unring a bell? Inherent prejudice is the root of the rule prohibiting mention of the amount of damages awarded by commissioners. Counsel's injection of the amount awarded spelled prejudice and the size of the jury verdict

stands in silent witness to its adverse effect. Its prejudicial effect in this case was irretrievable and anything short of a mistrial condoned the error and permitted the erring party to reap its benefits.

Treatment of condemnor's remaining points on appeal, regarding which all parties have had the benefit of the respective briefs, is deemed unnecessary for disposition of this appeal.

Judgment reversed and cause remanded for a new trial.

All concur.