STATE of Missouri, ex rel., STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

WETTERAU FOODS, INC., et al., Exceptions of Walter A. Plagenberg and Julia Plagenberg, Defendants-Appellants.

No. 41642.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

J. B. Carter, Carter & Swimmer, John H. Lamming, Clayton, for defendants-appellants.

Bruce A. Ring, Richard E. Baker, Kirkwood, for plaintiff-respondent.

SNYDER, Judge.

Defendants Walter and Julia Plagenberg appeal from a judgment in a jury-tried condemnation case. The jury found in appellants' favor in the amount of $185,000. The judgment is affirmed.

Appellants' brief and their amended points relied on wholly fail to meet the requirements of Rule 84.04(d). None of the points state wherein and why the trial court erred. In addition, appellants' points erroneously appeal from the denial of appellants' new trial motion rather than the judgment itself. *Lucky v. Avon Products, Inc.,* 589 S.W.2d 364, 365[1, 2] (Mo.App. 1979).

Nevertheless, this court has gratuitously studied appellants' brief and found three points which will be reviewed for plain error. The first is that the verdict was wholly inadequate and not supported by the evidence. The second point is that the trial court erred in refusing to grant appellants' motion for mistrial when respondent's witness, Warren Daniels, testified that he was a commissioner. The last point is that the trial court erred in permitting respondent to admit into evidence a land sale of a 228,000 square foot tract located on Graham Road because the tract was too large to be comparable.

In 1974 respondent condemned and took appellants' 46,000 square foot tract on Graham Road in St. Louis County for the right-of-way of Route 725, commonly known as the Innerbelt. An 18,000 square foot prefabricated, all metal construction warehouse was built on the property.

Appellants and respondent filed timely exceptions to the commissioners' award of $225,000. At the 1979 jury trial, each side presented two expert witnesses who appraised the value of the property. Appellants' two experts testified that the property was worth $385,000 and $394,900 respectively. Each of respondent's two experts concluded the property was worth $185,000.

As part of his analysis one of respondent's experts used the 1972 sale of a 228,000 square foot tract located at the corner of Graham Road and Frost Avenue, north of the subject tract. Both tracts were in the City of Berkeley and both were zoned industrial.

Appellant Walter Plagenberg and appellants' experts testified that the building had no interior posts supporting the roof. The experts testified that this 100 foot "clear span" design added special value to the building because there were no interior obstructions.

To contradict this testimony respondent called Warren Daniels, one of the commissioners in the case, to testify. Daniels had inspected the building in 1974. Respondent admitted into evidence Daniels' notes made at the time of the inspection which indicated the building had center posts and was not really a clear span design. Daniels gave no evidence as to the value of the property.

At one point in Daniels' testimony, in response to respondent's question whether Daniels was hired by any party in the action, Daniels said he was a commissioner in the case. Appellant immediately objected. At a conversation at the bench appellant's counsel asked that the court instruct the jury to disregard Daniels' statement and moved for a mistrial. Appellants' counsel then withdrew the request for the jury instruction. The court denied appellants' mistrial motion.

At the end of the trial the jury entered a verdict in favor of appellants for $185,000.

■ *Appellants' first complaint is that the verdict was inadequate and unsupported by the evidence.* This court will not disturb the award of damages if it is supported by substantial evidence. *State ex rel. State Highway Commission v. Hamel,* 404 S.W.2d 736, 738[2–5] (Mo.1966). Both of respondent's experts testified the tract was worth $185,000. Their testimony was substantial evidence that supported the verdict. One expert opinion has been held sufficient evidence to support a verdict. *State ex rel. State Highway Commission v. Hamel, supra* at 739[2–5]; *State ex rel. Thurlo v. Harper,* 336 Mo. 717, 80 S.W.2d

849, 857[7] (1935). Appellant's first point is meritless.

■ Appellants next claim the trial court erred in refusing to grant appellants' motion for mistrial after respondent's witness Daniels, volunteered, non-responsively, that he had been a commissioner. The declaration of a mistrial is a drastic remedy and rests in the sound discretion of the trial court. The trial court will not be reversed unless there is a manifest abuse of that discretion. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479, 485[11] (Mo.1972).

Several cases state that a commissioner is competent to testify, but that the fact that he was a commissioner may not be made known to the trier of fact. *E.g., City of St. Louis v. Schopp*, 325 Mo. 480, 30 S.W.2d 733, 735 (1930); *School District of Kansas City v. Phoenix Land & Improvements Co.*, 297 Mo. 332, 249 S.W. 51, 53 (1923); *State ex rel. State Highway Commission v. Artz*, 45 S.W.2d 81, 82[1, 2] (Mo.App.1932).

In each of these cases, however, the commissioner-witness gave his opinion of the correct measure of damages. Permitting such a witness to identify himself as a commissioner interfered with a party's right to a trial de novo in the Circuit Court. The fact that the witness was a commissioner indicated that his estimate of the damages was the commission's finding and thereby impermissibly informed the current tribunal of the prior tribunal's conclusions. *State ex rel. State Highway Commission v. Artz, supra; Kansas City v. Peret*, 574 S.W.2d 443, 444[2] (Mo.App.1978).

■ Daniels, however, gave no testimony concerning the value of the property or the measure of damages. His testimony that he was a commissioner therefore in no way affected the jury's ability to make an independent assessment of the damages. There was no abuse of discretion by the trial court in denying appellants' motion for a mistrial.

■ The last point is that the court erred in permitting respondent to admit evidence of a sale of a 228,000 square foot tract because the tract was too large to be comparable to the 46,000 square foot tract

in issue. " 'Comparable sales' consist of evidence of sales reasonably proximate in time and distance and involving land comparable in character." *State ex rel. State Highway Commission v. Southern Development Co.*, 509 S.W.2d 18, 27[6–8] (Mo.1974). Admission of evidence of comparable sales rests in the broad discretion of the trial court and will not be disturbed unless the discretion is clearly abused. *State ex rel. State Highway Commission v. Jasper*, 544 S.W.2d 554, 556 (Mo. banc 1976); *State ex rel. State Highway Commission v. Twin Lakes Golf Club, Inc.*, 470 S.W.2d 313, 314[1] (Mo.1971). Any dissimilarities between the property being condemned and properties evidence of the sale of which is properly admitted, go to the weight of the evidence, not its competency. *State ex rel. State Highway Commission v. Twin Lakes Golf Club, Inc., supra* at 315[2].

■ In the instant case both properties were in the City of Berkeley in north St. Louis County; both were on Graham Road; both were zoned industrial; and the larger tract was sold in 1972, only two years before the taking. The only major difference was size.

It is almost impossible to find sales of other property alike in every detail. Given the marked similarities between the two parcels of land this court finds no plain error in permitting respondent to adduce evidence of the sale price of the 228,000 square foot tract.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.