STATE of Missouri ex rel. CITY OF WARRENSBURG, Missouri, A Municipal Corporation, Plaintiff-Appellant,

v.

Edward C. STROH and Sharon C. Stroh, Defendants-Respondents.

No. WD 35321.

Missouri Court of Appeals, Western District.

April 23, 1985.

Bruce A. Bailey, Warrensburg, for plaintiff-appellant.

Thomas E. Cheatham, Warrensburg, for defendants-respondents.

Before TURNAGE, C.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Chief Judge.

The City of Warrensburg appeals following judgment entered on a jury verdict awarding the Strohs $75,000 for the taking of a permanent sanitary sewer line easement. The dispositive question is the admissibility of an exhibit prepared by the Strohs' attorney and presented to the commissioners which showed the Strohs' damages to be $30,169. Reversed and remanded.

The City of Warrensburg filed a petition in condemnation to acquire a sewer line

easement on the Strohs' land. The court ordered the property condemned and appointed commissioners. The Strohs' attorney noted certain calculations on an engineering drawing concerning the amount of the Strohs' damages and presented it to the commissioners. The calculations are summarized on the drawing as follows:

| | |
|---|---|
| Temporary loss | $ 7,669 |
| Permanent loss | 11,000 |
| Difference in before and after value of farm | |
| 5800 feet of city right to enter at any time—owner pays taxes and maintain forever. | |
| $575,000 × 2% | $11,500 |
| Total damage for taking | $30,169 |

The commissioners awarded the Strohs $21,100, and both the Strohs and the City filed exceptions to the commissioners' report.

Mr. Stroh testified before the jury that his damages for the taking were $100,000. On cross-examination, the City's attorney sought to introduce the exhibit described above as an admission against interest. The Strohs' attorney objected on the ground that the exhibit had been presented to the commissioners, and that anything that occurred during the commissioners' hearing was inadmissible. The court agreed, and thus refused to admit the drawing. The City's attorney made an offer of proof, during which the Strohs' attorney stipulated that he had prepared the notations on the drawing (as described above) while acting as the Strohs' attorney, and that he had given a copy to the commissioners and to the City. As part of the offer of proof, Stroh was examined out of the jury's presence and he stated that he was familiar with the exhibit, but he agreed that his attorney had prepared it.

■ The first question concerns whether the exhibit can be used as an admission against interest even though it was prepared by the Strohs' attorney. This question was answered in *Gibson v. Metropolitan Life Insurance Co.*, 147 S.W.2d 193 (Mo.App.1941). In that case, the court held that a letter written by the plaintiff's attor-

ney prior to suit being filed and which set out the basis of the plaintiff's claim was admissible to show that the claim asserted during trial had not been mentioned in the letter. *Id.* at 198[4]. In effect, the court held that the letter was admissible as an admission against interest.

In this case, there is no question that the Strohs' attorney prepared the figures while he was acting within the scope of his authority, and it was further shown that Stroh had seen the figures. The exhibit was thus admissible against Stroh.

■ The next question is whether the exhibit is inadmissible at the jury trial because it was presented to the commissioners.

In *State ex rel. State Highway Commission v. Meadows*, 444 S.W.2d 225 (Mo.App. 1969), one of the commissioners testified at the jury trial as an expert witness for the landowners. He testified that the landowners' damages were $4,000. On cross-examination, the commissioner was asked if he had previously made an appraisal that assessed the damages at $800, and the commissioner admitted that he had. The cross-examiner sought to introduce the commissioners' report that assessed damages at $800, but the trial court refused to admit the report. On appeal, the court held that the refusal of the use or introduction of the report was proper. The court noted that the commissioners' report becomes functus officio once a jury trial is held, and the question of damages is tried de novo by the jury as if no commissioners had ever been appointed. *Id.* at 226[1, 2]. The court stated that although a commissioner is competent to be a witness for either party, the jury should not be informed that he had been a commissioner and it is reversible error to tell the jury the amount of the commissioners' award. *Id.* The court further noted that a jury trial in an eminent domain case is governed by the same procedure applicable to ordinary civil causes, and thus a witness may be discredited or impeached by proof of a contrary statement relating to a material matter, whether made in or out of court. *Id.* The

court stated the well-established rule that if a witness unequivocally admits he has made a prior inconsistent or contradictory statement, further proof thereof is unnecessary and inadmissible because the witness, by his admission, has thereby impeached himself. *Id.* at 227.

It is apparent from *Meadows* that the trial court's view that anything concerning the commissioners' hearing is inadmissible at the trial de novo is erroneous. If a commissioner can be cross-examined concerning any appraisal previously made if it is inconsistent with his trial testimony, then certainly evidence of an estimate of damages presented to the commissioners by a landowner that is inconsistent with his trial testimony should be admissible. Here, the City's attorney was careful to make it clear that the exhibit in question contained no mention or reference to the commissioners' hearing, nor was there anything connected with it which would reveal the amount of the commissioners' report. In fact, the City's attorney did not propose to advise the jury that the exhibit had ever been used at the commissioners' hearing. He sought only to introduce it as an out-of-court statement that was against the Strohs' interest.

The exhibit was admissible against the Strohs even though their attorney prepared it, and it was further admissible as an admission against interest because it contained no reference or mention of the commissioners' report. That the exhibit was presented to the commissioners did not destroy its admissibility when it did not refer to or mention the commissioners' hearing or report.[1]

The Strohs assert that the exclusion of the exhibit was justified because the drawing and figures were only an offer to settle the lawsuit. It is apparent the exhibit was not prepared for that purpose, but was prepared in an effort to obtain an award from the commissioners. That situation differs from an offer to settle because the time for settlement was past and the matter was actually in a judicial forum

to resolve the differences which the parties had been unable to settle.

The Strohs also rely on *Siemers v. St. Louis Electric Terminal Railway Co.,* 348 Mo. 682, 155 S.W.2d 130 (1941). In *Siemers,* the railway claimed that the landowners had waived their right to claim recovery for an element of damages by withdrawing such element when the matter was before the commissioners. The commissioners' report stated that the element in question had been withdrawn. While the case is not clear whether the railway sought to show the waiver by use of the commissioners' report, no mention is made of any other proof of such waiver, and the court held that the commissioners' report was not admissible. The court did not find a waiver. 155 S.W.2d at 135. Whether the decision rests on waiver or on the exclusion of the commissioners' report, that case does not bear on the issue in this case. Here, the City is not contending that the Strohs failed to claim any particular damage before the commissioners, but rather it seeks to introduce an admission against interest that the Strohs' damages were $30,169, when Mr. Stroh's trial testimony was that the damages were $100,000.

The City was deprived of the opportunity to demonstrate to the jury that the Strohs had previously made an admission that their total damages were $30,169, when Mr. Stroh's testimony at trial was that the damages were $100,000. The prejudice resulting from the exclusion of the admission is apparent.

The City raises two other points which need not occur on retrial, but the parties have the benefit of the briefs concerning these matters on another trial.

The judgment is reversed and this cause is remanded for a new trial.

All concur.

1. This view is also expressed in *Missouri Con-*    *demnation Practice* §§ 6.59, 12.6 (1973).