STATE ex rel. MISSOURI HIGHWAY
AND TRANSPORTATION
COMMISSION, Plaintiff-Respondent,

v.

Jane WILLIAMS, et al., Exceptions of
Auretha Brown, et al.,
Defendants-Appellants.

No. 48177.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 7, 1985.

J.B. Carter, Clayton, for defendants-appellants.

Bruce A. Ring, Alan R. Schmidt, Kirkwood, for plaintiff-respondent.

SNYDER, Judge.

The Missouri Highway and Transportation Commission condemned a 20 by 75 foot strip of land owned by appellants on Manchester Road in Kirkwood. A jury returned a verdict awarding appellants $15,000 in damages for the taking and they appealed from the ensuing judgment. The judgment is affirmed.

Appellants contend that the trial court erred by: 1) denying their motion for a mistrial when the jury heard that commissioners had acted to determine damages for the taking of appellants' land; 2) allowing a witness to testify about the contents of City of Kirkwood records rather than producing them; 3) excluding photographs of the inside of appellants' building; and 4) allowing respondent to make improper closing arguments.

Appellants owned land improved by a commercial building in which CMC Corporation, the lessee, operated a retail stereo business. The Missouri Highway and Transportation Commission condemned a 20–foot wide strip of appellants' land which fronted 75 feet on Manchester Road.

The testimony on the number of parking places was in conflict, but the jury could have found that the taking reduced the number of cars which could park in appellants' lot from seventeen to thirteen. Although there was no evidence of its effect on the value of the taking, one of the apparently disputed issues was whether the Kirkwood ordinances required that appellants' retail building have more parking spaces than the land could accommodate after the taking.

The commissioners appointed to assess the appellants' damages awarded them $41,750.00 which the Missouri Highway and Transportation Commission paid into the court pending judgment. The court in its judgment ordered the jury award of $15,000.00 paid to appellants, and the remainder plus nine percent annual interest returned to the Commission.

Appellants assert the trial court erred in failing to grant a mistrial when it was disclosed to the jury that commissioners had been appointed to determine the damages suffered by appellants for the taking of their land and that appellants had been paid. The point is denied.

During recross-examination, the attorney for the Commission asked a question which included a statement that commissioners had been appointed by the court to determine damages. Appellants' counsel objected and after a bench conference, the trial court denied appellants' request for a mistrial but instructed counsel for the Commission not to mention anything further about commissioners. Counsel heeded the trial court's admonition and made no further reference to commissioners.

Later in his questioning the Commission's counsel said: "And the state did in fact then condemn the property and took ownership of the property May 15, 1981 by paying you damages for the taking; is that not correct?"

Counsel for appellants did not object immediately, but after another question was asked, requested a bench conference and again asked for a mistrial.

The trial court did not rule specifically on the request for a mistrial, but instructed counsel for the Commission to correct any misunderstanding because of his slip of the tongue, by a statement to the witness in the presence of the jury that he did not mean to imply that appellants had been paid for their property or that they had received any compensation from the state.

Counsel did so saying that he was only trying to establish the actual date the property was legally acquired and that he did not mean to imply that either the witness or Mr. Payne, his partner, had been paid. Opposing counsel objected no further and the trial resumed.

■ There was no substantial and glaring injustice here. *State ex rel. State Highway Commission v. Texaco, Inc.*, 502 S.W.2d 284, 289 (Mo.1973). The declaration of a mistrial is a drastic remedy and rests in the sound discretion of the trial court. *State ex rel. State Highway Commission v. Wettereau Foods*, 632 S.W.2d 88, 90 (Mo.App.1982). Unless there is a manifest abuse of that discretion, the trial court will not be reversed. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479, 485 (Mo.

1972). There was no abuse of the trial court's considerable discretion in failing to grant a mistrial. The questioned interrogation occurred during recross-examination and occupied only a minimal portion of the evidence.

The two cases cited by appellants, *State ex rel. State Highway Commission v. Meadows*, 444 S.W.2d 225 (Mo.App.1969), and *State ex rel. State Highway Commission v. White*, 254 S.W.2d 668 (Mo.App. 1953), are not apposite. Both cases concern an appointed commissioner who testified at the trial concerning the damages for the taking. The cases held that a commissioner is competent to be a witness for either party, but that the jury should not be informed that the witness had been a commissioner. *Meadows* and *White* also held it was reversible error to advise the jury of the amount of the commissioners' award.

There was no evidence of the commissioners' award in the case under review, nor any even remote reference to it by either counsel or the witness.

Appellants correctly state once a jury trial is obtained, the commissioners' report is functus officio. This is true, but has no bearing on the issue presently before this court.

Appellants cited no authority holding that a jury is prejudiced merely by hearing that a government agency has made some effort to determine the worth of land taken for public use. Appellants requested no remedy but a mistrial. The trial judge did not abuse his discretion in failing to grant appellant's request. The point is denied.

In appellants' second point they charge the trial court erred in overruling his objection to the testimony of Ronald Earll, the building commissioner for the City of Kirkwood. Appellants argue that Mr. Earll testified to the content of city records and that the records themselves were the best evidence. The records were not brought to court. This point, too, is ruled against appellants.

One of the contested fact issues during the trial was the number of parking spaces required under the Kirkwood zoning ordinance and the actual number of parking spaces available both before and after the taking by the state.

Mr. Earll testified that the Kirkwood zoning ordinance required that there be ten parking places for a building such as the CMC Corporation leased from appellants. He arrived at this figure by taking the total 2,600 square foot area of the building and deducting the floor area which could be eliminated under the ordinance in calculating the parking requirement.

The area which Mr. Earll said could be deducted for purposes of the parking space calculation was 957 square feet. This is the testimony about which appellants complain, saying that the best evidence would be the city records, which admittedly were not brought into court.

The size of the excepted area was a fact question, however, and there was evidence from the appraiser witnesses of both parties about the dimensions. There was a dispute about the size of the excepted area and about the number of parking spaces that were actually available on the property, both before and after the taking. No claim was ever made that the City of Kirkwood would not permit the continued rental of the building for commercial purposes because of the parking.

The zoning ordinance of the City of Kirkwood was in evidence, and as the Commission contends, the building commissioner of the City of Kirkwood was competent to testify as an expert to its application to parcels of real estate within the city. He had been building commissioner for ten years and had reviewed the microfilm records on the parcel of property in dispute.

The number of actual parking spaces was more important to the damages suffered by the appellants than the number required by the Kirkwood City ordinance,

and the information concerning the number of actual spaces available was put before the jury by the testimony of several witnesses.

It is true, as appellants argue, that when there is a dispute about the terms of a writing, such as a contract, the best evidence rule applies. The cases cited by appellants, however, do not support their argument in the case under review. *McIntyre v. McIntyre*, 377 S.W.2d 421 (Mo. 1964), is a contract case. In *Moschale v. Mock*, 591 S.W.2d 415 (Mo.App.1979), the court of appeals held that the best evidence rule was not applicable. In *State v. Armstrong*, 575 S.W.2d 847 (Mo.App.1978), the court held it was error to admit a photostatic copy of an appearance bond instead of producing the original. A thermofax copy of an agreement was admitted in *Schnucks Twenty-Five, Inc. v. Bettendorf*, 595 S.W.2d 279 (Mo.App.1979).

■ The jury had before it the facts concerning the disputed dimensions of the area. There was other evidence that the areas excepted from the calculation of the parking space requirement amounted to 957 feet. The building commissioner of the city was well qualified to interpret the Kirkwood zoning ordinance, which was in evidence, as it applied to the property in question. Assuming, without deciding, that there was error, it was not prejudicial enough to warrant reversal. Appellant's second point is denied.

An extended discussion of the remaining points on appeal would have no precedential value. They are denied in compliance with Rule 84.16(b).

The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.