The CITY OF LAKE OZARK, Missouri,
A Missouri Municipal Corporation,
Plaintiff–Respondent,

v.

William J. CAMPBELL, Sr., and
Margaret C. Campbell, et al.,
Defendants–Appellants.

No. 14934.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1988.

H. Ralph Gaw, Crews & Gaw, Tipton, for plaintiff-respondent.

Cyril M. Hendricks, Spencer & Hendricks, P.C., Jefferson City, for defendants-appellants.

PREWITT, Presiding Judge.

The city of Lake Ozark condemned property owned by appellants to be used in constructing a sewage treatment facility and a right-of-way to service that facility. Forty-nine-and-one-tenth acres were taken. A jury assessed the damages due to the taking at $83,750 and judgment in accordance with the jury's verdict was entered. Appellants' motion for new trial was denied and this appeal followed.

Respondent presented evidence from two witnesses, one valuing the property taken as $62,750 and the other at $65,000. Appellants offered evidence from four witnesses whose testimony showed that appellants were damaged $325,000; between $325,000 and $330,000; $170,510; and $270,510.

Appellants have seven points relied on. Appellants' seventh point is perhaps the most difficult to determine. It states that the trial court erred in excluding evidence regarding remainder damages sustained by Wood River Development Company. Appellants contend that Wood River Development Company is a corporation and they are the only shareholders. It owned property adjacent to that taken and appellants claim that damages to "this property was part of the measure of damage for the taking by the plaintiff-respondent". Neither party cites any authority which discusses when or if damages to a tract can be recovered where it has different but related ownership from that of an adjoining tract taken in whole or part by eminent domain.

■ Generally, unity of use and ownership are necessary to recover damages to property not taken. See *Kansas City v. Stith*, 409 S.W.2d 193, 197 (Mo.1966); 27 Am.Jur.2d Eminent Domain §§ 315, 320 (1966); 29A C.J.S. Eminent Domain § 140 (1965). See also Annotation, Unity of ownership necessary to allowance of severance damages in eminent domain, 95 A.L.R.2d 887 (1964).

*Stith*, supra, indicates that tracts owned by an individual and by corporations in which he had an interest would not have unity of ownership. See 409 S.W.2d at 197. However, there the individual owned only 52 percent of the stock in one corporation claiming damages and 20 percent of another corporation making a similar claim. We find no other Missouri case discussing this problem.

The question of unity of ownership arose in *City of Salem v. H.S.B.*, 302 Or. 648, 733 P.2d 890 (1987). There a partnership owned the condemned tract and a corporation an adjoining tract. Two of the partners of the partnership owned the corporation through other corporations. The court stated that the reported decisions were divided on whether land owned by a corporation could have "unity of ownership" with land owned by individuals who owned the stock of the corporation. 733 P.2d at 893. The court noted cases allowing recovery although ownership was "different", quoting from *Housing Authority of Newark v. Norfolk Realty Co.*, 71 N.J. 314, 364 A.2d 1052, 1057 (1976):

> [T]he concept of eminent domain requires that the realities underlying corporate ownership of land be fairly recognized. Normal business considerations, including due regard for federal tax consequences, may indicate that a bifurcated ownership of the assets of a functionally integrated enterprise is more desirable than ownership by single entity. The law should not require businessmen to ignore otherwise sensible economic planning decisions in order to retain their right to full actual damages consequent upon a public taking.

*H.S.B.* also cited cases finding no unity of ownership in such a situation, and elect-

ed to follow them. The opinion stated, 733 P.2d at 894:

Incorporation may hold many attractions—limited tax and other forms of liability not least among them—but it is, at bottom, the creation of a legal entity different from other entities. A corporation is not its incorporators or shareholders; it is not a partnership or joint venture; it is, rather, another and particular kind of creature, with its own rights and duties.

■■■ Although a reasonable argument can be made for appellants' position, we agree with *H.S.B.* A corporation is a separate entity from its stockholders and they should not be able to choose when its form is disregarded and when it is not. Respondent is not liable for any damages to property owned by Wood River Development Company. This point is denied. The remaining points are discussed in the order listed in appellants' brief.

■ Appellants contend in their first point that they are entitled to a new trial because the verdict "was against the weight of the evidence." Whether a verdict is against the weight of the evidence is a determination solely for the trial court as this court does not weigh the evidence. *Lawrence v. Windsor*, 693 S.W.2d 853, 857 (Mo.App.1985). See also Rule 78.02; *Wilson v. Missouri–Kansas–Texas Railroad Co.*, 595 S.W.2d 41, 46–47 (Mo.App.1980). Point one is denied.

■ Appellants' second point states that the trial court erred in refusing to submit its instruction following MAI 31.05. The instruction offered stated:

"Your verdict must be for Defendants if you believe that Defendants have been damaged by either or both of the following:

1. The taking of the property.

2. The use which Plaintiff has the right to make of the property taken."

Refusing to give the instruction could not have been erroneous. The instruction merely directs the jury to render a verdict for the appellants if it finds certain things and the jury did render a verdict for the appellants. Second, this instruction is im-

proper where the condemning authority agrees, as respondent did here, that appellants suffered some damages. *State ex rel. Kansas City Power & Light Co. v. Campbell*, 433 S.W.2d 606, 610 (Mo.App. 1968). The MAI 31.05 Notes on Use provide that this "instruction is to be used in condemnation cases where the condemning authority offers evidence that the property owner sustained no damage from the taking." No such evidence was offered here. This point is denied.

Appellants' third point states (omitting citations):

The trial court erred with regard to the testimony of witness Swope in that:

A. Said witness was allowed to state that he had acted as a commissioner in this action, violating the court's order sustaining defendants' Motion in Limine;

B. And, the court chilled effective cross-examination of said witness by limiting counsel to one question.

■ Appellants are correct that although a commissioner in a condemnation action is competent to testify, that he was a commissioner in the action should not be known to the jury. See *State ex rel. State Highway Commission v. Wetterau Foods*, 632 S.W. 2d 88, 90 (Mo.App.1982).

■ However, the premise on which portion A of the point is based is false. Swope did not testify that he had been a commissioner in this action. He was initially asked "Have you ever been appointed by the Court as a commissioner in a condemnation action?" After an objection was made that this was "irrelevant to this proceedings", he was asked, "Have you ever been appointed by a Court for a condemnation action purpose?" He answered, "Yes". This does not constitute saying he had been a commissioner in this action, just in a condemnation action. Whether his being a commissioner in any condemnation suit should have been brought out we do not decide as that was not the complaint made here.

■ The second part of point three does not correctly state the facts. Appellants asked at least twenty questions of the wit-

ness. The only limitation placed on them was in regard to the witness having been a commissioner and they do not specifically complain of that. Point three is denied.

For their fourth point, appellants state that the trial court erred in refusing the instruction they offered following one set forth in 3 Devitt & Blackmar, Federal Jury Practice & Instructions § 93.19 (3rd Ed. 1977). The instruction appellants offered stated:

Evidence has been received as to sales of allegedly comparable properties in the vicinity, and in other areas. Bona fide sales of comparable properties, made within a reasonable time before the date of taking of the property involved, may be the best obtainable evidence of market value at the time of taking.

Such evidence should be considered to the extent that you find it of assistance, in arriving at your own finding as to market value.

Appellants contend this instruction was proper as the jury heard evidence of comparable properties sold in the vicinity and were not instructed on how they should consider that evidence.

MAI does not provide for such an instruction, which strongly indicates that one is not necessary in Missouri. In nearly all, if not all condemnation cases, except perhaps some where only easements are sought, there would be evidence of comparable sales. Neither MAI illustration 35.08 nor MAI illustration 35.09, the closest illustration to this situation, provide for any additional instruction on comparable sales. MAI Instruction 2.01 advises the jury how it should consider evidence and no further

instruction is required. It should be obvious to the jurors what this evidence is offered for and how it is to be considered by them. This point is denied.

■ By their fifth point appellants contend that the trial court erred in refusing to submit to the jury an instruction taken from 3 Devitt & Blackmar, Federal Jury Practice & Instructions § 93.05 (3rd Ed. 1977) regarding "expert witnesses". The proposed instruction is set forth below.[1] What we have said in denying appellants' previous point is applicable here. This point is denied.

■ Appellants' remaining point relates to a juror who they say had submitted a bid on the construction of the sewage treatment facility to be built on the property condemned. Apparently he was not the successful bidder. Appellants contend that the trial court erred in failing to excuse him. The record does not reveal that the juror submitted a bid, but even if he did, as he was not challenged for cause this point is not preserved for our review. See *State v. Boyet,* 620 S.W.2d 439, 440 (Mo.App. 1981); *Robinson v. Monsanto Co.,* 758 F.2d 331, 335 (8th Cir.1985). No plain error, as described in Rule 84.13(c), is present.

The judgment is affirmed.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.

---

1. The evidence in a condemnation case usually includes maps, diagrams, charts, and summaries; and the testimony of appraisers and other claimed *experts as to the fair market value of* property.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call 'expert witnesses'. Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state opinions as to relevant and material matter in which they profess to be expert, and may also state their reasons for their opinions.

The opinion testimony of an expert witness as to the fair market value may be based upon education, study, experience, investigation, knowledge of the property, prices paid for similar property in the vicinity, and all reasons given by the expert witness as the basis for his opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that any such opinion is not based upon sufficient study, investigation, knowledge, or experience, or if you should conclude that the reasons given in support of the opinion are not sound, you may reject it entirely.