STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Respondent,

v.

MERAMEC VALLEY ELEVATOR, INC., et al., Exceptions of Pacific Aggregates, Inc., et al., Defendants–Appellants.

No. 53872.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 31, 1989.

Joe Bill Carter, Kirkwood, for defendants-appellants.

Paul R. Sterrett, Government Counsel, St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendants appeal from a judgment entered on a jury verdict in a condemnation case. We affirm.

An easement was condemned by the Missouri Highway and Transportation Commission on 6.5 acres of property in Peerless Park, Missouri. The disputed area has been owned by defendant Pacific Aggregates, Inc. (Pacific), since 1976. On March 8, 1984, Commissioners appointed by the Court awarded damages in the amount of $200,000.00. Pacific filed a motion for distribution and the entire amount of the Commissioners' award was paid to Pacific. Pacific then filed exceptions. Thereafter, a jury returned a verdict in favor of defendants in the amount of $32,500.00. This appeal follows.

Defendants' first point on appeal states that the trial court erred in refusing

to allow defendant Bayless Company (Bayless), a sister corporation of Pacific, to claim damages. Defendants concede that the property taken was owned by Pacific. Pacific stated in its motion for distribution that "no other named defendants have any right, title, or interest in the Commissioners' Award." Defendants, however, argue that Bayless and Pacific's operation and use of the property was so commingled as to allow damages even though no property of Bayless was physically taken since both corporations had the same officers, directors and shareholders and held joint board of directors' meetings. We disagree.

Missouri law is clear that in order to recover damages to property not taken, it is necessary to have unity of use and unity of ownership. *Kansas City v. Stith*, 409 S.W.2d 193, 197 (Mo.1966). *City of Lake Ozark v. Campbell*, 745 S.W.2d 799, 800 (Mo.App.1988). Each corporation is a separate entity from its stockholders and sister corporations. *Campbell* at 801. Point denied.

Defendants' second point on appeal states that the trial court erred in refusing to allow defendants to use a marking board to record their testimonial figures of damages. Defendants argue that said refusal was an arbitrary abuse of the court's discretion as to the admissibility of demonstrative evidence.

■ Defendants' counsel was attempting to record on a marking board figures to which a witness was testifying. This, however, does not constitute demonstrative evidence. Demonstrative evidence "consists of things, e.g., weapons, whiskey bottles, writings and wearing apparel, as distinguished from assertions of witnesses ... about things." *C. McCormick*, McCORMICK ON EVIDENCE 3rd Ed. 663 (1984) (footnote omitted).

Counsel's attempt was an effort to clarify testimony which he claims was difficult for the jury to hear. While we agree that the use of visual aids is permissible, the extent to which they can be used vests within the sound discretion of the trial court. *Campbell v. Menze Construction Co.*, 15 Mich.App. 407, 166 N.W.2d 624, 626 (1968). We find no abuse of discretion here. Point denied.

■ Defendants' final point on appeal states that the trial court erred in ruling that there was no limitation of access issue and by giving a withdrawal instruction with regards to evidence surrounding that issue. In this case, however, plaintiff filed a motion in limine to exclude the introduction of evidence as to loss of access. Defendants then agreed at the call of the motion that access would not be an issue at trial. This motion was sustained.

The purpose of a withdrawal instruction is to avoid confusion on the part of the jury because of some false issue raised. *Weisbach v. Vargas*, 656 S.W.2d 797, 799 (Mo. App.1983). The giving of such a withdrawal instruction is left to the discretion of the trial court. *Id.* As the issue was abandoned at the outset of the trial when defendant's attorney agreed that access was not in issue, we find no abuse of discretion. Point denied.

JUDGMENT AFFIRMED.

SIMON J., and PUDLOWSKI, C.J., concur.